■ In the Matter of CAROLYN T. DeLOE, Respondent, v DAVID PAYNE et al., Constituting the Zoning Board of Appeals of the Town of Pound Ridge, Appellants.—In a proceeding pursuant to CPLR article 78 *inter alia* to review appellants' determination, dated June 13, 1973, denying petitioner's application for a zoning variance, the appeal is from a judgment of the Supreme Court, Westchester County, dated March 11, 1974, which annulled the determination and remanded the application to appellants for further consideration so that a variance or exception may be granted. Judgment affirmed, without costs. No opinion. Rabin, Acting P. J., Latham, Cohalan and Christ, JJ., concur; Hopkins, J., dissents and votes to reverse the judgment and confirm the determination, with the following memorandum: The core of this appeal is the extent of the powers of a zoning board of appeals under section 280-a of the Town Law. Petitioner is the owner of a 6.179-acre plot in the Town of Pound Ridge. The plot has no access to an existing State, county or town highway or to a street on a plat approved by the town's planning board. In the deed delivered to petitioner in 1968 conveying the plot to her, the grantor included a right of way 25 feet in width and running some 744.46 feet in length from the parcel to South Bedford Road, a public highway. That right of way had been in existence since 1950. When petitioner applied for a building permit, the Building Inspector refused to issue it because the plot did not comply with the conditions of the statute (Town Law, § 280-a, subd 1). A variance was then sought by petitioner from appellants. That application was denied on the ground that a right of way did not constitute compliance with the statutory requirements. Special Term annulled the determination of appellants, holding that the right of way was sufficient for the granting of a variance. In my view, appellants acted within their powers in denying the application. Section 280-a of the Town Law was enacted to protect both the consumer and the community and to ensure the maintenance of " 'sound practices in land use and development' " (*Matter of Brous v Smith,* 304 NY 164, 169). Strict control over an orderly system of land use within the municipality must be exercised to prevent a haphazard, helter-skelter development of roads and subdivisions of large parcels of property which, in the long run, creates intolerable hardship and large expense to residents and taxpayers for the improvement of a proper highway network within the community. It is clear from the facts here that the right of way by which petitioner claims access is merely a device to avoid the sale of plots on a map approved by the planning board of the town in accordance with the statute (Town Law, §§ 276, 277, 278). If the original owner of the large parcel of property out of which petitioner's plot was carved had applied to the planning board for approval of a plat, undoubtedly provisions for improved streets and other facilities would have been required by the planning board. Certainly, a right of way nearly 750 feet in length to a six-acre plot otherwise land locked cannot be viewed in any other light than as an interior road for the development and subdivision of land—particularly when, as here, the right of way was created 25 years ago and plainly intended to serve other large parcels in the vicinity of petitioner's property. Thus, the owner of the large parcel of land subdivided his land without the approval of the town authorities—the very action which the controls laid down by the statute were calculated to stop. The history of section 280-a of the Town Law and the internal evidence reflected by its language serve to establish that the planning aspects of the Town Law were not to be circumvented by the

device of a long right of way linking an interior parcel to an existing public highway. First, the addition of subdivision 4 to section 280-a (L 1949, ch 750, § 1) allowed the creation of an open development area or areas within the town wherein building permits might be issued for structures to which "access is given by right of way or easement".* The Town of Pound Ridge presently has not established such open development areas. Plainly, the legislative intent expressed by this amendment was that in the absence of an open development area no power to grant a variance for a right of way exists in a zoning board of appeals. Second, section 280-a was further amplified by the addition of subdivision 5 (L 1958, ch 334, § 1), by which the word "access" was defined to mean "the plot on which such structure is proposed to be erected *directly* abuts on such street or highway" (emphasis added). That definition, of course, refers to the term "access" found in subdivision 1 of section 280-a, forbidding the issuance of a permit except under the conditions specified. "Plot" traditionally means land held in full ownership, primarily for building purposes, and is used in other sections of the Town Law in that sense (Town Law, § 281, subd [b]). The modifying phrase to "plot" in subdivision 5—"directly abuts"—supplies emphasis to the legislative intent to limit the issuance of building permits to cases where the applicant holds land in fee simple, rather than enjoying an easement leading to a public highway.

---

* The addition of this provision was generated by the Board of Supervisors of Westchester County (1949 Proceedings of Board of Supervisors, Feb. 21, 1949, pp 538–539).