■ BEN GOLDSTEIN, Appellant, v ZONING BOARD OF APPEALS OF THE VILLAGE OF CROTON-ON-HUDSON, Respondent, and MAURICE KRATTER et al., Intervenors-Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of

Croton-on-Hudson, dated July 11, 1979, denying petitioner's application for a variance from the frontage and access requirements of the village zoning ordinance and for an exception from the requirements of section 7-736 of the Village Law, petitioner appeals from a judgment of the Supreme Court, Westchester County, dated February 5, 1980, which denied the relief sought and dismissed the petition. Judgment affirmed, with one bill of costs payable jointly to respondents appearing separately and filing separate briefs. Appellant sought an exception and variance from the access and frontage provisions of section 7-736 (formerly section 179-o) of the Village Law and sections 8.1.2 and 13.1 of the Village of Croton-on-Hudson Zoning Ordinance. His application was denied and Special Term dismissed his CPLR article 78 petition on the merits. We affirm. The proposed structures, on seven lots of appellant's amended subdivision plan, would not front on any public road or street. Access to the proposed structures would be from Hessian Hills Road (a public road) via easement and fee rights in two private driveways which dead end at their termini inside the subdivision and do not contain cul-de-sacs. The zoning board of appeals stated (with support in the record) that Hessian Hills Road is itself an inadequate road. On the basis of all the evidence, we conclude that appellant has not sustained his burden of proof establishing practical difficulty or undue hardship. The board's decision was not illegal, arbitrary or an abuse of discretion, and has a rational basis supported by substantial evidence. Accordingly, Special Term was correct in dismissing the petition (see *Matter of Fuhst v Foley*, 45 NY2d 441). Mollen, P. J., Hopkins, Mangano and Cohalan, JJ., concur.