■ WILLIAM NOVAK, SR., Appellant, v PLANNING BOARD OF THE TOWN OF LAGRANGE, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Planning Board of the Town of LaGrange (hereinafter the board), dated April 18, 1984, which denied the petitioner's application for a two-lot subdivision of his property, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Juidice, J.), dated April 11, 1986, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner sought the approval of the board for a proposed subdivision whereby a parcel of approximately 12 acres of his land would be divided into two lots. The board was presented with proposed lots which were to be provided access by a preexisting driveway which connected the northeast corner of one of the proposed lots with a town road known as "Arthursburg Road" over a parcel of land previously condemned by the State in connection with construction of the Taconic State Parkway. The record indicates that actual access to the lot from "Arthursburg Road" was to be by a purported right-of-way over the intervening State lands. However, it is clear that the petitioner failed to produce sufficient proof before the board to show that proper access could be had by way of an easement. Accordingly, the board was justified in disapproving the petitioner's application in view of the uncertainty of access across the State lands *(see, Panariello v Demetri,* 99 AD2d 770).

Moreover, the Town Code of the Town of LaGrange pro-

vides, in relevant part, that the "minimum lot frontage on street right-of-way line" is 50 feet for all lots located in the AG-40 zoning district (which classification covers the petitioner's property; *see,* Town Code of Town of LaGrange § 100-23 [B]). The underlying basis for enactment of local zoning ordinance frontage requirements stems from Town Law § 280-a (1) and (5), which provide, in relevant part, that all improved lots must have sufficient frontage and direct abutment on an existing State, county or town highway or street, so as to allow access for the ingress and egress of emergency vehicles. Thus, the board properly determined that the frontage of the petitioner's property along the Taconic State Parkway could not be used to satisfy the 50-foot frontage requirement of the zoning ordinance since there is no access to the parkway from the petitioner's property. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.