■ In the Matter of PEARL G. NEWMAN, Appellant, v BRUCE PARKER et al., Constituting the Zoning Board of Appeals of the Town of Woodstock, Respondents.—Levine, J. Appeals (1) from a judgment of the Supreme Court (Torraca, J.), entered August 9, 1989 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Zoning Board of Appeals of the Town of Woodstock denying petitioner's request for a building permit, and (2) from an order of said court, entered January 18, 1990 in Ulster County, which, upon reconsideration, adhered to its prior decision.

Petitioner is the owner of 1.96 acres of real property located in the Town of Woodstock, Ulster County. At the time petitioner purchased the property in 1984, it contained two residential structures and one small studio. The property is presently zoned residential with a one-house per two-acre lot requirement.

In September 1988, petitioner applied to the Town Building Inspector for a permit to repair and restore one of the residential structures which had been damaged by a fire prior to her purchase. Petitioner's application was denied on various grounds, including the lack of satisfactory access for emergency vehicles to the property from the main public road. Thereafter, petitioner appealed to the Town Zoning Board of Appeals (hereinafter the Board). Following a hearing, the

Board upheld the Building Inspector's denial of petitioner's application, again based upon the unavailability of emergency access.

Petitioner then commenced this CPLR article 78 proceeding seeking to annul the Board's determination. Supreme Court dismissed the petition* and petitioner subsequently moved for reargument. Supreme Court granted that motion, but adhered to its original decision. These appeals by petitioner followed.

Petitioner's main contention is that the Board's determination was arbitrary, capricious and an abuse of discretion. We disagree. Petitioner admitted in her petition that the Town's zoning law requires that any restoration of a nonconforming structure comply with the State Uniform Fire Prevention and Building Code regulations (see, 9 NYCRR ch I). Included in those regulations is 9 NYCRR 1161.2 (a), which mandates that all premises not readily accessible from public roads be "provided with access roads or fire lanes so that all buildings on the premises are accessible to the fire department and emergency service apparatus". The record in this case reveals that petitioner suggested two different means of emergency access to her property, namely, a private road and a bridge over Mink Hollow Creek. However, at the time petitioner appeared before the Board, her right to access over the private road and the responsibility for repair of the Mink Hollow Bridge, which had been substantially damaged in a 1980 storm, were disputed in litigation. Based upon the foregoing, the Board reasoned that neither of the alternatives offered by petitioner was a guaranteed means of access and that such a situation presented a danger in terms of fire and ambulance response requiring that the Building Inspector's denial be upheld. Exercising our limited review function of the Board's determination, we cannot conclude that it was illegal, arbitrary or an abuse of discretion (see, Matter of Fuhst v Foley, 45 NY2d 441, 444; Matter of Sheeley v Levine, 147 AD2d 871, 872).

We likewise reject petitioner's contention that her appeal to the Board was not considered by a duly constituted body. General Construction Law § 41 provides that a majority of the whole number of persons comprising a board is required to constitute a quorum and to exercise the board's power, authority or duty. In this case, four members of the five-member Board voted on petitioner's application, which was denied by a

---

* Respondents did not serve an answer to the petition and Supreme Court apparently treated their opposing affidavit as a motion to dismiss the petition.

vote of three to one. Thus, the quorum requirement was clearly satisfied. Petitioner's reliance on Town Zoning Ordinance § VIII (A) (4) is misplaced, since that section merely provides that a board majority is "necessary to reverse any order, requirement, decision or determination of the Building Inspector" and, in any event, the Board's decision in this case was reached by a majority of its members.

Also unavailing are petitioner's claims that the Building Inspector improperly influenced and coerced respondents and that a possible conspiracy existed between the Town Attorney, his law partner and the Building Inspector. These allegations are entirely conclusory and unsubstantiated by the record. We have examined petitioner's remaining contentions and find them to be without merit.

Mahoney, P. J., Weiss, Mercure and Harvey, JJ., concur. Ordered that the judgment and order are affirmed, without costs.