■ In the Matter of EDWARD WIEDERSPIEL, JR., et al., Respondents, v BERNDT J. LEIFELD et al., Appellants. [602 NYS2d 712] —Mahoney, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered May 6, 1992 in Ulster County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Town Board of the Town of Olive designating certain premises an open development area.

Respondent Michael J. Bernholz and Hudson Valley Holding Company (hereinafter collectively referred to as Bernholz) own a 92-acre tract of land in the Town of Olive, Ulster County. At the time of purchase, the property was landlocked and access was obtained via a 335-foot deeded right-of-way extending from the end of Weidy Road to the center of the southerly border of the land. This right-of-way encumbers lands owned by petitioners. After purchase, Bernholz entered into a boundary line agreement with another adjoining landowner whereby the 92-acre parcel acquired 50 feet of road frontage on Eagle Ridge Road, which road is located at the

northeasterly corner of the property, approximately 2,000 feet from the right-of-way. In 1988, Bernholz sought approval to carve out two 3½-acre parcels along the southern border of the 92-acre tract. Inasmuch as access to these proposed parcels was to be gained via an on-premises roadway connected to the right-of-way, in connection with the subdivision application Bernholz applied for open development area designation pursuant to Town of Olive Zoning Ordinance § 311.07 and Town Law § 280-a (4). While petitioners objected, the Town of Olive Town Board (hereinafter the Board) ultimately passed Resolution No. 7 granting Bernholz's request and designating the premises in question as an open development area, albeit subject to the express conditions that use of the right-of-way be limited to the three lots, that only one single-family residence be permitted per lot and that there be no further subdivision without alternative or improved access. Petitioners then commenced the instant CPLR article 78 proceeding against Bernholz, the Board members and Town of Olive Planning Board members challenging the resolution, claiming, *inter alia,* that under the statutory scheme of Town Law § 280-a (4) property which directly abuts on a street or highway and has sufficient frontage thereon, as the 92-acre tract does, cannot be designated an open development area. Supreme Court agreed and annulled the Board's resolution. Respondents appeal.

We reverse. Petitioners' arguments and Supreme Court's determination appear to rest upon the erroneous belief that Town Law § 280-a creates an access hierarchy, prescribing one form of access over another in situations where the parcel has multiple access ports and mandating that if a piece of property has direct access as defined in Town Law § 280-a (5), then that means of access *must* be used as the means by which access is obtained to it and to all its subdivided parcels. Such is not the case. Town Law § 280-a does not prefer one type of access over another, but simply defines the minimum acceptable access a piece of property must have in order to obtain a building permit. Put another way, its provisions do not require a particular form of access, but rather are applied to the access as given to determine if it is sufficient to permit the erection of a building. If that access is, as here, via a right-of-way or easement, a permit can only issue upon the town board's passage of a resolution establishing the area to be an open development area. The subject of whether the access for the subdivision lots as proposed by the subdivider is sufficient for subdivision purposes is a distinct inquiry and involves a

determination to be considered by the municipal planning board in deciding whether to approve the proposed subdivision *(see,* Town Law § 277). While, concededly, in situations such as this where access for the proposed subdivision is via a right-of-way, consideration of whether the proposed subdivision lots would be buildable under Town Law § 280-a (4) is a necessary inquiry for there is little use to having an approved subdivision when the lots themselves are not buildable, it does not transform Town Law § 280-a into an access-prescribing statute.

As a final matter, we find that the Board's determination granting open development area status to be supported by the requisite rational basis. In making its determination, the Board took into account the recommendations of the Town Planning Board and the Conservation Advisory Council, as well as testimony from landowners and the results of an environmental impact study. All the foregoing established that the access as proposed was in the public interest and sufficient to ensure ingress and egress of emergency vehicles.

Weiss, P. J., Mikoll and Mercure, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.