■ In the Matter of ILLIPARAMPIL C. JOSEPH et al., Appellants, v FRANK ROMANO et al., Respondents. [617 NYS2d 868] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Village of Goshen, dated February 13, 1992, denying the petitioners' application for a variance from the grading and set-back requirements of the Village Zoning Ordinance and from the access requirements of Village Law § 7-736, the petitioners appeal from a judgment of the Supreme Court, Orange County (Owen, J.), dated November 27, 1992, which, after a hearing, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

At a hearing before the Supreme Court, the respondents amply demonstrated that the unimproved portion of a partially dedicated street, Oakcrest Drive, was inaccessible to emergency vehicles because the slope of the right-of-way was steep, with grades ranging from 11.5% to 18.5%, and the right-of-way was inundated by brush and trees. As a result, the Supreme Court properly determined that the respondents' decision to deny the petitioners' requested variance was supported by the evidence and was not arbitrary or capricious *(see, Matter of Lund v Town Bd.,* 162 AD2d 798, 800).

While the petitioners' evidence did demonstrate that the unimproved portion of Oakcrest Drive or the right-of-way thereon could be regraded to provide access to emergency

vehicles, the petitioners failed to establish any clear right to excavate on the privately owned portion of Oakcrest Drive or on the right-of-way shared in common with others *(see, Matter of Newman v Parker,* 174 AD2d 783, 784; *Novak v Planning Bd.,* 136 AD2d 610, 611; *Goldstein v Zoning Bd. of Appeals,* 78 AD2d 538, 539). As a result, the Supreme Court properly declined to annul the determination and remit the matter to the respondents for the issuance of a variance subject to reasonable conditions *(see, Matter of Kidd-Kott Constr. Co. v Lillis,* 124 AD2d 996, 997; *Matter of North Shore Hebrew Academy v Wegman,* 105 AD2d 702, 707).

We have considered the petitioners' remaining contentions and find them to be without merit. Pizzuto, J. P., Santucci, Hart and Goldstein, JJ., concur.