█ In the Matter of HELEN GREGORY et al., Respondents, v ZONING BOARD OF APPEALS OF THE TOWN OF SOMERS et al., Appellants. [704 NYS2d 638] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Somers, dated July 28, 1998, which, after a hearing, denied the petitioners' application for an area variance, the appeal is from a judgment of the Supreme Court, Westchester County (Smith, J.), entered April 5, 1999, which granted the petition, annulled the determination, and remitted the matter to the respondent for the issuance of the variance.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioners requested an area variance to build a single-family residence on a parcel of land in the Town of Somers which lacked frontage on a Town road. The parcel had frontage

on a privately-owned dirt road, which it shared with three other single-family residences. The dirt road had deep ruts causing minor ponding to occur, an abrupt grade change, thick vegetation, and an average driveable width of between nine and ten feet. An inspection by the Zoning Board of Appeals of the Town of Somers (hereinafter the Zoning Board), a report from the Chief of the Somers Fire District, and the Chief Fire Inspector of the Town of Somers Bureau of Fire Prevention all indicated that the condition of the dirt road, as well as other impediments, made emergency response difficult.

The Zoning Board expressed a legitimate concern that allowing construction on the subject parcel would impair the safety and proper access of the Town, since emergency vehicles cannot currently safely access the residences on the private, narrow, and unimproved road (see, Matter of Joseph v Romano, 208 AD2d 926; Matter of Lund v Town Bd., 162 AD2d 798). The denial of the petitioners' request for an area variance by the Zoning Board was a reasonable exercise of its discretion and was supported by the record (see, Matter of Lahey v Kelly, 71 NY2d 135; Matter of Fuhst v Foley, 45 NY2d 441; McGlasson Realty v Town of Patterson Bd. of Appeals, 234 AD2d 462). S. Miller, J. P., Krausman, Florio and H. Miller, JJ., concur.