■ In the Matter of JOHN INDELICATO, Respondent-Appellant, v TOWN OF LLOYD et al., Appellants-Respondents. [826 NYS2d 445]—

Rose, J. Cross appeals from a judgment of the Supreme Court (Kavanagh, J.), entered November 16, 2005 in Ulster County, which granted petitioner's application, in a combined proceed-

---

ing pursuant to CPLR article 78 and action for declaratory judgment, to annul a determination of respondent Town of Lloyd Zoning Board of Appeals denying petitioner an area variance.

Petitioner is the owner of a landlocked 17-acre lot in the Town of Lloyd, Ulster County that is accessible from a public highway only by means of a deeded right-of-way that is 15 feet wide by approximately 800 feet long. After he was denied a building permit to construct a single-family residence on his lot due to its lack of the minimum 25 feet of road frontage specified in the Town's zoning ordinance, petitioner applied to respondent Town of Lloyd Zoning Board of Appeals (hereinafter ZBA) for a variance. The ZBA ultimately denied the application, finding that it had no authority to accept petitioner's right-of-way in lieu of the direct highway access required by Town Law § 280-a (1). Petitioner then commenced this combined proceeding and action to, among other things, annul the ZBA's determination. Supreme Court did so and remitted the matter to the ZBA to consider the merits of petitioner's application. The parties cross-appeal.

Upon our review of the record and Town Law § 280-a, we find merit in respondents' contention that the ZBA lacked authority to grant petitioner an exception from the statute's requirement of public highway access. Subdivision (1) of the statute prohibits issuance of a building permit unless there is a public street or highway giving access to the proposed structure. Subdivision (5) specifies that access means that the plot upon which the building is to be built "directly abuts on such street or highway and has sufficient frontage thereon to allow the ingress and egress of . . . emergency vehicles," and 15 feet of frontage is presumptively sufficient (Town Law § 280-a [5]). Here, no portion of petitioner's lot "directly abuts" any public street or highway. Thus, petitioner's request for a variance erroneously assumed that his lot had 15 feet of road frontage, the ZBA's reliance upon the statute's definition of access and upon our decision in *Matter of Wiederspiel v Leifeld* (197 AD2d 781 [1993]) has a rational basis in the law, and its application of the statute is supported by substantial evidence in the record (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Khan v Zoning Bd. of Appeals of Vil. of Irvington*, 87 NY2d 344, 351 [1996]).

In *Matter of Wiederspiel v Leifeld* (*supra*) we held that "[i]f . . . access is, as here, via a right-of-way or easement, a permit can only issue upon the town board's passage of a resolution establishing the area to be an open development area" (*id.* at 782). This is consistent with the statute's express provision for

allowing access by means of a right-of-way once an open development area designation is obtained (*see* Town Law § 280-a [4]). Our statement in *Matter of Wiederspiel v Leifeld* (*supra*) that "Town Law § 280-a does not prefer one type of access over another" (*id.* at 782) should not be taken to mean that access by right-of-way is acceptable when, as here, there has been no open development area designation by the town board. Nor do we find any impropriety in the ZBA's reference to the dissent in *Matter of DeLoe v Payne* (49 AD2d 572, 572-573 [1975], *appeal dismissed* 38 NY2d 822 [1975]), since it was not cited as controlling authority, but only as an exposition of the ZBA's rationale in interpreting the statute.

Finally, we are unpersuaded by petitioner's contention that the ZBA's determination constitutes selective enforcement. Although petitioner alleges that other landowners without road frontage have been granted building permits where access is by rights-of-way, proof of previous nonenforcement is not enough (*see Town of Plattekill v Dutchess Sanitation*, 56 AD2d 150, 152 [1977], *affd* 43 NY2d 662 [1977]). Petitioner submitted no evidence that the selective treatment was " 'motivated by an intention to discriminate on the basis of impermissible considerations, such as . . . a malicious or bad faith intent to injure the [landowner]' " (*Matter of Northway 11 Communities v Town Bd. of Town of Malta*, 300 AD2d 786, 788 [2002], quoting *Zahra v Town of Southold*, 48 F3d 674, 683 [2d Cir 1995]; *see Matter of Criscione v City of Albany Bd. of Zoning Appeals*, 185 AD2d 420, 422 [1992]). Even if there were such evidence, the ZBA cannot now be compelled to act in disregard of the Town Law's restrictions, regardless of any past unauthorized determinations it may have made (*see Baris Shoe Co. v Town of Oyster Bay*, 234 AD2d 245, 246 [1996]).

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.