In the Matter of MARK J. SEIDEN, Appellant, v ZONING BOARD OF APPEALS OF VILLAGE OF OSSINING, Respondent. [847 NYS2d 608]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Ossining, dated February 27, 2006, which denied the petitioner's application for area and setback variances, the appeal is from a judgment of the Supreme Court, Westchester County (Cacace, J.), entered July 11, 2006, which denied the petition, and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner purchased a substandard, vacant lot in the Village of Ossining, on which he intended to build a single-family residence. Although the lot fronts on William Street, a public highway, it does not have vehicular access to the street due to the topography of the land. Rather, the petitioner planned to gain access to the proposed dwelling by virtue of a paved right-of-way, which abuts the rear of the property.

In furtherance of his building plans, the petitioner applied to the respondent Zoning Board of Appeals of the Village of Ossining (hereinafter the ZBA) for area and setback variances. The ZBA denied his application based upon the lot's noncompliance with a village ordinance prohibiting the granting of building permits to owners of property without access to a qualifying street or highway. The Supreme Court upheld the ZBA's deter-

mination, finding that it was not arbitrary and capricious. We affirm.

Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Rivero v Voelker*, 38 AD3d 784 [2007], *lv denied* 9 NY3d 810 [2007]).

Although the petitioner's property has vehicular access to the right-of-way, known as Woolsey Lane, he has not shown that this access satisfies the Ossining Village Code. The Code provides that "[n]o building permit shall be issued for the construction or alteration of any building upon a lot without access to a street or highway as stipulated in § 7-736 of the Village Law" (Ossining Village Code § 270-46 [B]).

The petitioner has not shown that Woolsey Lane itself is a qualifying "street or highway" so as to satisfy the access requirement. On the tax map, Woolsey Lane is only referred to as "Right of Way." The maps referring to the right-of-way as "Woolsey Lane" and providing the dimensions and other characteristics of the lane are survey maps prepared by the petitioner's architect. Thus, the petitioner failed to prove that Woolsey Lane was "an existing Village, county or state highway or street" or that it was a street shown on "an approved subdivision final plat" or a "map filed with county clerk" (Ossining Village Code § 270-4).

The ZBA was not required to find that the petitioner's access to a public street, via the right of way, was sufficient to satisfy the access requirement of the Village Code (*see Matter of Indelicato v Town of Lloyd*, 34 AD3d 1056 [2006]; *Novak v Planning Bd. of Town of LaGrange*, 136 AD2d 610 [1988]; *Matter of DeLoe v Payne*, 49 AD2d 572 [1975]). Significantly, the petitioner does not own Woolsey Lane in fee and has not shown that he has the right to use those portions of the lane that do not abut his property, in order to gain access to the public road. Although the record reveals that there are a number of nonconforming substandard lots in the area of the petitioner's property, he failed to show that owners of any of them were granted area variances after the enactment of the current zoning ordinance.

Accordingly, the Supreme Court properly upheld the ZBA's determination, denying the requested variances, because it had a rational basis and was not arbitrary and capricious (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 613; *Matter of Rivero v Voelker*, 38 AD3d 784 [2007]). Krausman, J.P., Fisher, Angiolillo and Balkin, JJ., concur.