In the Matter of ROBERT E. GENSER et al., Respondents, v BOARD OF ZONING AND APPEALS OF TOWN OF NORTH HEMPSTEAD, Also Known as BOARD OF ZONING APPEALS OF TOWN OF NORTH HEMPSTEAD et al., Appellants. [885 NYS2d 327]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of North Hempstead dated June 6, 2007, which, after a public hearing, denied the application of the petitioners-plaintiffs for an area variance with respect to lot width, and action for a

judgment declaring, inter alia, that the subject property was taken without just compensation, the appeal is from a judgment of the Supreme Court, Nassau County (Galasso, J.), entered November 27, 2007, which granted the petition pursuant to CPLR article 78, annulled the determination, and remitted the matter to the Board of Zoning Appeals of the Town of North Hempstead for the issuance of the requested area variance.

Ordered that the judgment is reversed, on the law, with costs, the petition for relief pursuant to CPLR article 78 is denied, the determination is confirmed, the cause of action for relief pursuant to CPLR article 78 is dismissed on the merits, and the petitioners-plaintiffs' second cause of action is severed.

On December 15, 2005, the Nassau County Planning Commission approved the application of the petitioner-plaintiff Robert E. Genser to subdivide his property into two parcels. The larger parcel (hereinafter parcel number 1), which had accommodated a single-family house since approximately 1949, was about 109.02 feet wide and the smaller parcel (hereinafter parcel number 2), which was vacant, was about 73.04 feet wide.

Also on December 15, 2005, a proposed zoning amendment was submitted to the Nassau County Planning Commission, which recommended a "local determination" by the Town of North Hempstead. According to the Zoning Board of Appeals of the Town of North Hempstead (hereinafter the Zoning Board), this proposed zoning change had been made public on November 29, 2005.

On or about December 30, 2005, Genser executed a contract of sale whereby he agreed to sell parcel number 1, with the existing house, to Norman Roland and Marilyn Pearl Roland, and parcel number 1 was thereafter conveyed to them.

Meanwhile, after a public hearing on January 3, 2006, the Town of North Hempstead adopted the zoning amendment which provided, inter alia, that the minimum lot width in the residence A district where the lot is located must be either 65 feet or the average width of the lots within a 200-foot radius, whichever is greater, but in no event greater than 100 feet wide. Although the average lot width in the subject area is 129.47 feet, the Town of North Hempstead Zoning Code capped the required lot width at 100 feet.

When Genser sought to build a single-family residence on parcel number 2, the building department disapproved the application on the ground that the lot width of 73.04 feet did not comply with Town of North Hempstead Zoning Code § 70-27.1 (D), which required a minimum lot width of 100 feet.

Genser's architect, Alan Cooper, applied for an area variance

from the new lot width requirements. According to Cooper, the proposed house met all other zoning requirements and it had been "designed to aesthetically blend with the surrounding neighborhood, with no negative impact on the neighborhood." However, at the public hearing on the application, a member of the Zoning Board stated that he looked at parcel number 2, and the other lots on the same side of the street as parcel number 2 which "appear visually to be greater, significantly greater than the street frontage . . . creating one lot that will have more narrow street frontage than its directly adjacent lots and that is of significant concern." Further, it is undisputed that parcel number 2 is the narrowest on its block.

On June 6, 2007, the Zoning Board issued the determination under review denying the variance. The Zoning Board found that "there clearly will be an undesirable change in the character of the neighborhood and a detriment to nearby properties" because Genser's lot would be the narrowest within 200 feet, the second narrowest being 79.2 feet wide. The Zoning Board acknowledged that Genser suffered a difficulty, since parcel number 2, without the variance, was not a buildable lot. However, the Zoning Board found that the difficulty was self-created "at least to some degree" because the proposed zoning change was made public on November 29, 2005; therefore "[w]hether or not the applicant, or his counsel, knew of the impending zoning change when the contract was signed, they could have easily ascertained the relevant information."

Genser and, his architect, Cooper, commenced this hybrid proceeding pursuant to CPLR article 78 to review the determination of the Zoning Board, and action to declare, in the event that the determination was not annulled, that Genser's property was taken without just compensation.

The Supreme Court erroneously found that Genser had "a vested right not only just to divide the property but also to sell and/or develop it" when the Nassau County Planning Commission approved his subdivision application on December 15, 2005. The law is that a property owner acquires vested rights when, "pursuant to a legally issued permit, he demonstrates a commitment to the purpose for which the permit was granted by effecting substantial changes and incurring substantial expenses to further the development" (*Town of Orangetown v Magee*, 88 NY2d 41, 47 [1996]), which was not established here.

Further, the Supreme Court improperly annulled the determination of the Zoning Board denying the area variance. Judicial review of a determination denying an area variance is limited to determining whether the action taken by the zoning board was

illegal, arbitrary, or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 770-771 [2005]). Thus, the determination of a zoning board should be sustained upon judicial review if it has a rational basis and is not arbitrary and capricious (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Pasceri v Gabriele*, 29 AD3d 805 [2006]). In applying the balancing test set forth in Town Law § 267-b (3) (b), the Zoning Board is "not required to justify its determination with supporting evidence with respect to each of the five factors, so long as its ultimate determination balancing the relevant considerations was rational" (*Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals*, 43 AD3d 926, 929 [2007]). "Scientific or other expert testimony is not necessarily required; objections based upon facts may be sufficient" (*id.*). In rendering its determination, the personal observations of members of the Zoning Board may be considered (*see Matter of Rosewood Home Bldrs., Inc. v Zoning Bd. of Appeals of Town of Waterford*, 17 AD3d 962, 964 [2005]; *Matter of Holy Spirit Assn. for Unification of World Christianity v Rosenfeld*, 91 AD2d 190, 201 [1983]). In the instant case, the evidence before the Zoning Board indicated that granting the proposed variance would produce "an undesirable change . . . in the character of the neighborhood or a detriment to nearby properties" (Town Law § 267-b [3] [b] [1]).

Moreover, the Zoning Board "was entitled to consider the effect its decision would have as precedent" (*Matter of Gallo v Rosell*, 52 AD3d 514, 516 [2008]). In this case, granting the variance would not only set a negative precedent: it would also reduce the average lot width in the area, impairing the effectiveness of the zoning ordinance.

Further, Genser's difficulty was self-created "at least to some degree," because Genser had at least constructive notice of the proposed zoning change when he signed the contract of sale with respect to parcel number 1 on December 30, 2005, one month after the proposed zoning amendment was made public on November 29, 2005. Although this factor, standing alone, would be insufficient to deny the variance (*see* Town Law § 267-b [3] [b] [5]), the five factors, considered collectively, establish that the determination of the Zoning Board was not arbitrary and capricious or irrational.

We note that the Supreme Court did not reach the issue of whether the application of the amended zoning code to Genser's property was confiscatory. Therefore, that issue is not before us.

The remaining contentions of Genser and Cooper are without merit or need not be reached in light of our determination. Rivera, J.P., Covello, Dickerson and Chambers, JJ., concur.