■ In the Matter of 886 FLUSHING AVENUE CORP., Appellant, v BOARD OF ZONING APPEALS OF TOWN OF NORTH HEMPSTEAD, Respondent. [899 NYS2d 374]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of North Hempstead dated September 10, 2008, which denied the petitioner's application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Iannacci, J.), entered May 4, 2009, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Local zoning boards have broad discretion in considering applications for variances, and judicial review of a determination denying an area variance is limited to determining whether the action taken by the zoning board was illegal, arbitrary, or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of Gebbie v Mammina*, 13 NY3d 728 [2009]; *Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead*, 65 AD3d 1144, 1146-1147 [2009]). Thus, the determination of a zoning board should be sustained upon judicial review if it has a rational basis and is not arbitrary and capricious (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384, 386 [1995]; *Matter of Pasceri v Gabriele*, 29 AD3d 805, 806 [2006]).

Here, the Board of Zoning Appeals of the Town of North Hempstead (hereinafter the BZA) properly considered the factors delineated in Town Law § 267-b (3) (b) in reaching its determination (*see Matter of Sasso v Osgood*, 86 NY2d at 384) and weighed the benefit of granting an area variance to the petitioner against the detriment to the health, safety, and welfare of the neighborhood if the variance was granted (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 612 [2004]; *Matter of Sasso v Osgood*, 86 NY2d at 382, 384). Relying on, among other things, a 300-foot radius map supplied by the petitioner, which depicted the surrounding neighborhood, the BZA rationally concluded that the requested area variance would produce an undesirable change in the character of the neighborhood and that such variance was

substantial. Thus, the BZA's determination to deny the petitioner's application for an area variance had a rational basis and was not arbitrary and capricious (*see Matter of Gebbie v Mammina*, 13 NY3d 728 [2009]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 613; *Matter of Sasso v Osgood*, 86 NY2d at 384, 386; *Matter of Pietrzak & Pfau Assoc., LLC v Zoning Bd. of Appeals of Town of Wallkill*, 34 AD3d 818, 818-819 [2006]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Miller, J.P., Leventhal, Chambers and Lott, JJ., concur.