In the Matter of ATLANTIC SHORES BUILDERS & DEVELOPERS, INC., Respondent, v CHRISTOPHER MODELEWSKI et al., Appellants. [899 NYS2d 630]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington dated March 15, 2007, which, after a hearing, denied the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), dated March 17, 2009, which granted the petition, annulled the determination, and remitted the matter to the Zoning Board of Appeals of the Town of Huntington to issue the requested variance.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner purchased a lot in the Town of Huntington with a deeded right-of-way to a public street. While constructing a single-family residence, the petitioner sought to subdivide the property to create a second lot which would not have frontage on a public street. Upon denial of the subdivision request by the Town planning board, the petitioner appealed to the Zoning Board of Appeals of the Town of Huntington (hereinafter the ZBA), seeking a variance with respect to the lot frontage requirement pursuant to Town Law § 280-a. After a hearing, the ZBA denied the application for a variance. The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination.

Judicial review of a zoning board's denial of an area variance is limited to determining whether it is illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead*, 65 AD3d 1144, 1146-1147 [2009]; *Matter of*

*Seiden v Zoning Bd. of Appeals of Vil. of Ossining*, 46 AD3d 694, 695 [2007]). Contrary to the conclusion reached by the Supreme Court, the evidence before the ZBA, including the property's high water table and poor drainage, and the condition of the access road, supported the ZBA's determination to deny the application (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 614; *Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead*, 65 AD3d at 1146-1147; *Matter of Fowlkes v Board of Zoning Appeals of Town of N. Hempstead*, 52 AD3d 711, 713 [2008]). In addition, the ZBA was not required to find that the private right-of-way satisfied the access requirement of Town Law § 280-a (*see Matter of Indelicato v Town of Lloyd*, 34 AD3d 1056, 1057 [2006]; *Matter of Wiederspiel v Leifeld*, 197 AD2d 781, 782 [1993]; *see also Matter of Seiden v Zoning Bd. of Appeals of Vil. of Ossining*, 46 AD3d at 695).

In light of our determination, the appellants' remaining contention has been rendered academic. Mastro, J.P., Eng, Belen and Austin, JJ., concur.