◼ In the Matter of JOHN POWER, Appellant, v CHRISTOPHER DOWNES et al., Respondents. [899 NYS2d 902]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Incorporated Village of Floral Park dated August 29, 2009, which, after a hearing, denied the petitioner's application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Palmieri, J.), entered May 18, 2009, which, upon a decision of the same court dated March 9, 2009, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 771 [2005]). Thus, the determination of a zoning board should be sustained upon judicial review if it is not illegal, has a rational basis, and is not arbitrary and capricious (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Gallo v Rosell*, 52 AD3d 514, 515 [2008]).

In determining whether to grant an application for an area variance, a zoning board is required to engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see* Village Law § 7-712-b [3] [b]; *Matter of Halperin v City of New Rochelle*, 24 AD3d at 773). In making that determination, the zoning board must also consider whether: (1) an undesirable change will be produced in the character of the neighborhood or a detriment to the nearby properties will be created by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some

method feasible for the applicant to pursue, other than an area variance; (3) the requested area variance is substantial, (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) the alleged difficulty was self-created (*see* Village Law § 7-712-b [3]).

Here, the record reveals that the Board of Appeals of the Incorporated Village of Floral Park weighed the relevant statutory factors, and that its determination, including its findings that the requested variance would create a detriment to the nearby properties, that the benefit sought by the petitioner could be achieved by some method feasible for him to pursue other than an area variance, that the requested variance was substantial, and that the petitioner's alleged difficulty was self-created, had a rational basis, and was not arbitrary and capricious. Accordingly, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding. Covello, J.P., Dickerson, Eng and Austin, JJ., concur.