■ In the Matter of ANTHONY MORANDO, Appellant, v TOWN OF CARMEL ZONING BOARD OF APPEALS et al., Respondents. [917 NYS2d 672]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Carmel dated September 30, 2008, which, after a hearing, denied the petitioner's application for area variances, the petitioner appeals (1) from a judgment of the Supreme Court, Putnam County (O'Rourke, J.), dated April 23, 2009, which denied the petition and dismissed the proceeding, and (2), as limited by his brief, from so much of an order of the same court dated June 24, 2009, as, upon reargument, adhered to the original determination in the judgment.

Ordered the judgment is affirmed; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The petitioner is the owner of two parcels of real property in the Town of Carmel. He proposed to build a house on each of the two parcels. He then sought variances pursuant to Town Law § 280-a, which provides that, in certain circumstances, a town zoning board may grant permission to a property owner to build a structure on a lot, even though the lot does not abut a town, county, or state road.

As the Supreme Court correctly concluded, the Town of Carmel Zoning Board of Appeals (hereinafter the ZBA) did not act arbitrarily and capriciously in denying the subject variance

applications. Judicial review of a determination denying an area variance is limited to determining whether the action taken by the zoning board was illegal, arbitrary and capricious, or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead*, 65 AD3d 1144, 1146-1147 [2009]; *Matter of Pasceri v Gabriele*, 29 AD3d 805, 805-806 [2006]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 770-771 [2005]). In determining whether to grant an area variance, a zoning board must consider "the benefit to the applicant if the variance is granted, as weighed against the detriment to the health, safety and welfare of the neighborhood or community by such grant" (Town Law § 267-b [3] [b]). The zoning board should also consider "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (*id.*). In applying the balancing test set forth in Town Law § 267-b (3) (b), a zoning board is "not required to justify its determination with supporting evidence with respect to each of the five factors, so long as its ultimate determination balancing the relevant considerations was rational" (*Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals*, 43 AD3d 926, 929 [2007]). In determining whether to grant an area variance, "[s]cientific or other expert testimony is not necessarily required; objections based upon facts may be sufficient" (*id.*).

Here, the ZBA's determination denying the petitioner's applications was not arbitrary and capricious, and there was a rational basis therefor. Contrary to the petitioner's contention, a zoning board may properly consider, in the context of variance applications pursuant to Town Law § 280-a, whether an applicant has shown that he or she has the lawful right to build or to utilize a proposed access road for the property (*see Matter of Joseph v Romano*, 208 AD2d 926, 926-927 [1994]; *see also Matter of Atlantic Shores Bldrs. & Devs., Inc. v Modelewski*, 73 AD3d 762, 763 [2010]; *Matter of Gregory v Zoning Bd. of Appeals of Town of Somers*, 270 AD2d 419 [2000]). In this case, the ZBA's conclusion that the petitioner failed to submit evi-

dence showing that he had the lawful right to build an access road serving the proposed site, and its denial of the variance applications on that basis, were not arbitrary or irrational (*see Matter of Joseph v Romano*, 208 AD2d at 926-927; *see also Matter of Atlantic Shores Bldrs. & Devs., Inc. v Modelewski*, 73 AD3d at 763; *Matter of Gregory v Zoning Bd. of Appeals of Town of Somers*, 270 AD2d 419 [2000]). Further, contrary to the petitioner's suggestion, the record does not indicate that he was precluded from submitting evidence with respect to this issue. Therefore, remittal of the matter to the ZBA for submission of additional proof as to the issue of whether the petitioner has a lawful right to build an access road is not warranted (*cf. Matter of Scarsdale Shopping Ctr. Assoc., LLC v Board of Appeals on Zoning for City of New Rochelle*, 64 AD3d 604, 607-608 [2009]).

The ZBA also rationally determined, based on the evidence before it, that the approval of the variance applications would result in an adverse effect on the surrounding neighborhood. That determination was neither arbitrary nor irrational (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 308-309 [2002]; *Matter of Power v Downes*, 73 AD3d 1074, 1075 [2010]; *Matter of 886 Flushing Ave. Corp. v Board of Zoning Appeals of Town of N. Hempstead*, 72 AD3d 1080, 1080-1081 [2010]; *Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead*, 65 AD3d at 1146-1147). The ZBA also sufficiently distinguished the instant application from prior variance applications. Its determination in this regard was not irrational, particularly in light of the evidence that the proposed access road would measure over 600 feet in length, and pass on or in close proximity to other properties (*see Matter of 194 Main, Inc. v Board of Zoning Appeals for Town of N. Hempstead*, 71 AD3d 1028, 1030 [2010]; *Matter of Arata v Morelli*, 40 AD3d 991, 993 [2007]).

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding and, upon reargument, adhered to its original determination. Prudenti, P.J., Rivera, Lott and Miller, JJ., concur.