■ In the Matter of QING DONG, Appellant, v DAVID MAMMINA et al., Respondents. [922 NYS2d 198]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of North Hempstead dated October 7, 2009, which denied the petitioner's application for an area variance with respect to lot width, the appeal is from a judgment of the Supreme Court, Nassau County (Parga, J.), entered May 26, 2010, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (*see Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead*, 65 AD3d 1144, 1146-1147 [2009]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 770-771 [2005]). "Thus, the determination of a zoning board should be sustained upon judicial review if it has a rational basis and is not arbitrary and capricious" (*Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead*, 65 AD3d at 1147). "When reviewing the determinations of a Zoning Board, courts consider 'substantial evidence' only to determine whether the record contains sufficient evidence to support the rationality of the Board's determination" (*Matter of Sasso v Osgood*, 86 NY2d 374, 385 n 2 [1995]).

A zoning board must weigh the benefit of the variance to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted

(*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 612 [2004]). The zoning board is also required to consider: (1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance, (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance, (3) whether the requested area variance is substantial, (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district, and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance (*see* Town Law § 267-b [3] [b]).

Here, the Board of Zoning Appeals of the Town of North Hempstead (hereinafter the Board) engaged in the required balancing test and considered the relevant statutory factors. Contrary to the petitioner's contentions, the denial of her application had a rational basis and was not arbitrary or capricious. The evidence before the Board indicated that granting the proposed variance would produce an undesirable change in the character of the neighborhood (*see* Town Law § 267-b [3] [b]). Additionally, granting the variance would set a negative precedent by reducing the average lot width in the area and would impair the effectiveness of the zoning ordinance (*see Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead*, 65 AD3d at 1147). Furthermore, the petitioner's difficulty was self-created because she was on constructive notice of the relevant zoning ordinance, Town of North Hempstead Zoning Code § 70-27.1 (D), which was enacted on January 3, 2006, more than two years before she purchased the subject property, on September 18, 2008 (*see Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead*, 65 AD3d at 1147). Angiolillo, J.P., Balkin, Leventhal and Sgroi, JJ., concur.