■ JONATHAN BLUM et al., Appellants, v DAVID VALENTINE et al., Respondents. [930 NYS2d 226]—

This appeal concerns the proposed improvement of a right-of-way easement, commonly known as Terrace Place, in the Town of Mount Pleasant. The easement benefits a parcel of real property owned by the defendant David Valentine and burdens,

among others, a parcel owned by Jonathan Blum and Janie Ann Blum (hereinafter together the Blums). The Terrace Place right-of-way is shown as a road on a 1953 survey map drafted for the Town, and on an unfiled 1927 subdivision map, but does not appear on any official tax map or recorded subdivision map.

Subsequent to the entry of a judgment in a related CPLR article 78 proceeding, which annulled the denial of site plan approval for Valentine's proposed improvement of Terrace Place by the Planning Board of the Town of Mount Pleasant (*see Matter of Valentine v McLaughlin*, 87 AD3d 1155 [2011] [decided herewith]) (hereinafter *Matter of Valentine*), the Blums commenced this action pursuant to RPAPL article 15 seeking, inter alia, a judgment declaring that Terrace Place is not a "paper street" and does not satisfy the street access requirements of Town Law § 280-a, and to enjoin Valentine and the Town from developing or altering, or permitting the development or alteration of, Terrace Place by virtue of its characterization as a paper street. In an order entered October 26, 2010, addressing the Blums' motion for a preliminary injunction, the Supreme Court remarked, in dicta, that it had determined in *Matter of Valentine* that Terrace Place was a street. Thereafter, in an order entered February 8, 2011, the Supreme Court denied the Blums' motion for summary judgment and, upon searching the record, awarded Valentine summary judgment dismissing the complaint on the ground that the Blums were collaterally estopped from challenging the legal status of Terrace Place.

The fact that an order appealed from "contains language or reasoning that a party deems adverse to its interests does not furnish a basis for standing to take an appeal" (*Corsello v Verizon N.Y., Inc.*, 77 AD3d 344, 369 [2010] [internal quotation marks omitted]; *Sirius Am. Ins. Co. v Vigo Constr. Corp.*, 48 AD3d 450, 451-452 [2008]). Accordingly, despite the inclusion of dicta in the order entered October 26, 2010, that the plaintiffs deem contrary to their interests, they are not aggrieved thereby and, therefore, may not challenge that portion of the order.

Collateral estoppel bars relitigation of an issue where "the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action" (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999]; *see Jeffreys v Griffin*, 1 NY3d 34, 39 [2003]; *Pinnacle Consultants v Leucadia Natl. Corp.*, 94 NY2d 426, 432 [2000]). Jonathan Blum did not have a full and fair opportunity in *Matter of Valentine* to litigate the issues raised in this action. Since the relief that Jonathan Blum seeks here—

declaratory and injunctive relief—was not available in the related CPLR article 78 proceeding, the Supreme Court erred in concluding that Jonathan Blum was collaterally estopped from seeking that relief in this action (*see DiLauria v Town of Harrison*, 32 AD3d 490, 491-492 [2006]; *Murphy v Capone*, 191 AD2d 683, 684-685 [1993]).

Town Law § 280-a provides that a building permit may not be issued for any parcel unless "a street or highway giving access to such proposed structure has been duly placed on the official map or plan" of the municipality (Town Law § 280-a [1]). The word "access" means that the parcel to be developed "directly abuts on such street or highway and has sufficient frontage thereon to allow the ingress and egress of fire trucks, ambulances, police cars and other emergency vehicles" (Town Law § 280-a [5]). Town Law § 280-a further requires that, before a permit may be issued, "such street or highway shall have been suitably improved to the satisfaction of the . . . planning board . . . as adequate in respect to the public health, safety and general welfare for the special circumstances of the particular street or highway" (Town Law § 280-a [2]). Where these conditions cannot be satisfied, the statute provides for alternative means by which development may be permitted (*see* Town Law § 280-a [3], [4]). "Town Law § 280-a does not prefer one type of access over another, but simply defines the minimum acceptable access a piece of property must have in order to obtain a building permit" (*Matter of Wiederspiel v Leifeld*, 197 AD2d 781, 782 [1993]).

Here, the official tax map depicts only a right-of-way (designated "R.O.W.") over Terrace Place. Although a 1953 survey and a 1927 subdivision map showing "Terrace Place" do, in fact, exist, Valentine made no showing that either map has any official status which would satisfy the requirements of Town Law § 280-a (1) (*see Matter of Atlantic Shores Bldrs. & Devs., Inc. v Modelewski*, 73 AD3d 762, 763 [2010]; *see also Matter of Seiden v Zoning Bd. of Appeals of Vil. of Ossining*, 46 AD3d 694, 695 [2007]; *see generally Matter of Morando v Town of Carmel Zoning Bd. of Appeals*, 81 AD3d 959, 960 [2011]). Accordingly, the Supreme Court erred in denying the Blums' motion for summary judgment declaring that Terrace Place is a right-of-way and not a "paper street" satisfying the requirements of Town Law § 280-a (1) and enjoining the defendants from developing or altering, or permitting any development or alteration of, Terrace Place as a paper street (*see also Matter of Seiden v Zoning Bd. of Appeals of Vil. of Ossining*, 46 AD3d at 695; *Matter of Indelicato v Town of Lloyd*, 34 AD3d 1056, 1057

[2006]; *Matter of Wiederspiel v Leifeld*, 197 AD2d at 782-783; *cf.* Town Law § 280-a [4]).

In light of the foregoing, we need not address the parties' remaining contentions.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that Terrace Place is a "right-of-way" and not a "paper street," and permanently enjoining the development or alteration of, or the permission of the development or alteration of, Terrace Place by virtue of its characterization as a "paper street" (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.