■ In the Matter of ANGELIKA HEJNA et al., Appellants, v BOARD OF APPEALS OF VILLAGE OF AMITYVILLE et al., Respondents. [964 NYS2d 164]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Amityville dated August 27, 2007, which, after a hearing, granted the application of the respondent JAMM Holding, Inc., doing business as Richmond Autobody, for special exceptions and use variances, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Spinner, J.), dated June 6, 2011, which denied the petition and dismissed the proceeding.

Ordered that the judgment is modified, on the law, by deleting the provision thereof denying that branch of the petition which sought to annul so much of the determination of the Zoning Board of Appeals of the Village of Amityville dated August 27, 2007, as granted JAMM Holding, Inc., doing business as Richmond Autobody, a use variance permitting it to add a 7,500-square-foot addition to the existing building on the premises, and which granted JAMM Holding, Inc., doing business as Richmond Autobody, a special exception and a use variance that allowed it to provide for parking in the portion of its property which is zoned for residential use, and substituting therefor a provision granting that branch of the petition; as so modified, the judgment is affirmed, without costs or disbursements.

JAMM Holding, Inc., doing business as Richmond Autobody (hereinafter JAMM), owns a parcel of property in the Village of Amityville, which is split zoned between the B-2 Business District and the BB Residence District. It operates an autobody repair shop on the portion of the property located in the business district, pursuant to a previously granted special exception. JAMM applied to the Village of Amityville Zoning Board of Ap-

peals (hereinafter the ZBA) for modification of its special exception, allowing it to construct a 7,500-square-foot addition to the existing building on the premises, approving the proposed buffers on the southerly and easterly borders of the property, and permitting it to provide parking in the portion of its property zoned for residential use. Moreover, since the Village of Amityville Board of Trustees (hereinafter the Board of Trustees) had recently amended the Village Code to eliminate "public garage" uses permitted by special exception in the B-2 Business District, JAMM also sought, as an alternative to its request for a special exception, a use variance seeking the same relief. The ZBA found that JAMM was entitled to approval of its application, both as a special exception and as a use variance, and the petitioners commenced this action pursuant to CPLR article 78 seeking to annul that determination.

In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, judicial review is limited to ascertaining whether the action taken is illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Mejias v Town of Shelter Is. Zoning Bd. of Appeals*, 298 AD2d 458 [2002]). Here, the ZBA's determination to grant a modification of the special exception previously granted to JAMM, so as to allow JAMM to build the proposed 7,500-square-foot addition to the existing building on the premises and approving the proposed buffers on the southerly and easterly borders of the property, was not arbitrary and capricious. Specifically, there was a rational basis for the ZBA's determination that the Board of Trustees' 2006 amendment to the Zoning Code eliminating "public garage" uses as those authorized by special exception in the B-2 Business District was not intended to prohibit the modification of an existing special exception to permit the expansion of an existing autobody operation (*see id.*). As the ZBA noted in its determination, the same Board of Trustees that enacted the amendment thereafter approved JAMM's application to expand its existing autobody use.

The ZBA properly declined to consider the petitioners' arguments concerning JAMM's right to use a particular private right-of-way. The ZBA was not presented with an issue regarding adequate access to the premises, since access was provided by two curb cuts on an abutting public street (*cf.* Village Law § 7-736 [2]; *Matter of Morando v Town of Carmel Zoning Bd. of Appeals*, 81 AD3d 959, 960 [2011]; *Matter of Joseph v Romano*, 208 AD2d 926, 926-927 [1994]). Thus, the issues raised by the petitioners regarding the right-of-way concerned only enforcement of private property rights, which is not within the ZBA's

jurisdiction (*see Chambers v Old Stone Hill Rd. Assoc.*, 1 NY3d 424 [2004]; *Matter of Shuttle Contr. Corp. v Planning Bd. of the Inc. Vil. of Great Neck*, 73 AD3d 789, 789-790 [2010]; *Matter of Gersten v Cullen*, 203 AD2d 744, 747 [1994]).

However, we agree with the petitioners that the ZBA's determination to grant JAMM's application for a special exception to allow it to provide parking in the portion of the property located in the residential district was illegal, and must be annulled. The Village Code only allows the ZBA to grant such a special exception for the purpose of providing parking areas required by the Village Code (*see* Code of the Village of Amityville § 183-127). As the petitioners assert, and JAMM does not dispute, JAMM does not require the parking for which it seeks a special exception in order to comply with the Village Code's parking requirements. Thus, that branch of the petition which sought to annul so much of the ZBA's determination as granted a special exception allowing JAMM to provide parking in the portion of its property which is zoned for residential use should have been granted.

As JAMM was entitled to a special exception authorizing it to, inter alia, build the 7,500 square foot addition to the existing building on the premises, it was not required to establish entitlement to a use variance for such relief. However, inasmuch as JAMM was not entitled to a special exception for parking in the portion of its property which is zoned for residential use and the ZBA found, in the alternative, that JAMM was entitled to a use variance for such parking as a component of the larger use variance involving the 7,500 square-foot addition to the premises, we address the propriety of the ZBA's determination that JAMM established entitlement to a use variance.

"[A] landowner who seeks a use variance must demonstrate factually, by dollars and cents proof, an inability to realize a reasonable return under existing permissible uses" (*Matter of Village Bd. of Vil. of Fayetteville v Jarrold*, 53 NY2d 254, 256 [1981]; *see Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 287 AD2d 453, 456 [2001]). Here, JAMM failed to show, based on competent financial evidence, that it cannot yield a reasonable rate of return absent the requested variance. Therefore, the ZBA's determination to grant a use variance for parking in the BB residence district must be annulled.

The petitioners' remaining contentions either need not be reached or are without merit. Skelos, J.P., Hall, Austin and Hinds-Radix, JJ., concur.

_____

Motion by the respondent JAMM Holding, Inc., doing busi-

ness as Richmond Autobody, to dismiss an appeal from a judgment of the Supreme Court, Suffolk County, dated June 6, 2011, on the ground that it has been rendered academic. By decision and order of this Court dated October 15, 2012, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is,

Ordered that the motion is denied. Skelos, J.P., Hall, Austin and Hinds-Radix, JJ., concur.