In the Matter of ALLSTATE PROPERTIES, LLC, Appellant, v BOARD OF ZONING APPEALS OF THE VILLAGE OF HEMPSTEAD, Respondents. [856 NYS2d 130]—

Local zoning boards are vested with broad discretion in reviewing applications for area variances and, as such, judicial review is limited to determining whether the action taken by a zoning board was arbitrary and capricious, illegal, or an abuse of discretion (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Martino v Board of Zoning Appeals of Inc. Vil. of Great Neck Plaza*, 26 AD3d 382, 383 [2006]). A determination of a zoning board should be upheld if it has a rational basis and is not arbitrary and capricious (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 613).

When determining whether to grant an application for an area variance, a Village zoning board of appeals, pursuant to

Village Law § 7-712-b (3), must engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see Matter of Rivero v Voelker*, 38 AD3d 784, 785 [2007]). The zoning board must also consider whether: (1) an undesirable change will be produced in the character of the neighborhood, or a detriment to nearby properties will be created by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some other method, other than an area variance, feasible for the applicant to pursue, (3) the required area variance is substantial, (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district, and (5) the alleged difficulty was self-created (*see* Village Law § 7-712-b [3] [b]; *Matter of Rivero v Ferraro*, 23 AD3d 479, 479-480 [2005]).

Here, the respondent Board of Zoning Appeals of the Village of Hempstead (hereinafter the Board) engaged in the required balancing test and considered the relevant statutory factors. Among other factors weighing against the granting of the variances, the Board noted that the petitioner could make a substantial profit from selling the property even without the requested variances, and that the petitioner's need for the variances was self-created. In addition, it is apparent from the record that the petitioner was requesting variances which would result in lots with area and frontage 20% less than required by the applicable zoning provisions, in a neighborhood where most of the properties conformed with the zoning code, and those that did not generally predated the Village's enactment of the zoning code by several decades. Under such circumstances, the determination of the Board to deny the variances was rational and not arbitrary or capricious (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613-614 [2004]; *Matter of Cowan v Kern*, 41 NY2d 591, 595-596 [1977]; *Matter of Josato, Inc. v Wright*, 35 AD3d 470, 471 [2006]; *Matter of DiPaci v Zoning Bd. of Appeals Vil. of Upper Nyack*, 4 AD3d 354, 354-355 [2004]; *Matter of Weisman v Zoning Bd. of Appeals of Vil. of Kensington*, 260 AD2d 487, 488 [1999]). Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding. Prudenti, P.J., Miller, Dillon and McCarthy, JJ., concur.