■ In the Matter of Birch Tree Partners, LLC, Appellant, and Windsor Digital Studio, LLC, et al., Intervenors-

Respondents, v NATURE CONSERVANCY et al., Respondents. [996 NYS2d 693]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of East Hampton dated January 10, 2012, which, after a hearing, granted the application of the Nature Conservancy for a natural resources special permit, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Jones, Jr., J.), entered February 1, 2013, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The determination of a local zoning board is entitled to great deference, and will be set aside only if it is illegal, arbitrary and capricious, or irrational (*see* CPLR 7803 [3]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Jacoby Real Prop., LLC v Malcarne*, 96 AD3d 747 [2012]; *Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh*, 68 AD3d 62, 67 [2009]; *Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals*, 43 AD3d 926 [2007]). Here, the determination of the Zoning Board of Appeals of the Town of East Hampton to grant the application for a natural resources special permit was not illegal, had a rational basis, and was not arbitrary and capricious (*see Matter of Town of Hempstead v Board of Appeals of Town of Hempstead*, 105 AD3d 751 [2013]; *cf. Matter of Schumacher v Town of E. Hampton, N.Y. Zoning Bd. of Appeals*, 46 AD3d 691, 693 [2007]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Mastro, J.P., Balkin, Miller and Duffy, JJ., concur.