■ In the Matter of JOHN HATGIS, LLC, Appellant, v PAUL M. DeCHANCE et al., Respondents. [5 NYS3d 236]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Brookhaven dated February 19, 2004, which, after a hearing, denied the petitioner's application for an area variance to maintain an accessory apartment on the subject premises, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Santorelli, J.), dated August 7, 2014, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

"In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, judicial review is limited to ascertaining whether the action taken is illegal, arbitrary and capricious, or an abuse of discretion" (*Matter of Harbor Park Realty, LLC v Modelewski*, 116 AD3d 1040, 1041 [2014]; *see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]). In determining whether to grant an area variance, a zoning board "shall take into consideration the benefit to the applicant if the variance is granted, as weighed against the detriment to the health, safety and welfare of the neighborhood or community by such grant"

(Town Law § 267-b [3] [b]; *see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 612; *Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals*, 43 AD3d 926, 928-929 [2007]).

In the instant matter, the Zoning Board of Appeals of the Town of Brookhaven (hereinafter the ZBA) denied the petitioner's application, which sought an area variance to maintain an accessory apartment on the subject premises. In reaching its determination, the ZBA engaged in the balancing test prescribed by Town Law § 267-b (3) (b). Contrary to the petitioner's contention, the ZBA's determination that the requested variance was substantial was not arbitrary and capricious (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 614; *Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of JSB Enters., LLC v Wright*, 81 AD3d 955 [2011]). Similarly, the ZBA's conclusion that the grant of the variance would produce an undesirable change in the character of the neighborhood and a detriment to nearby properties based on the testimony of the attendees at the public hearing and the ZBA's own familiarity with local conditions was not arbitrary and capricious (*see Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh*, 68 AD3d 62, 77 [2009]; *Matter of Cowan v Kern*, 41 NY2d 591, 599 [1977]). Furthermore, contrary to the petitioner's contention, the hardship alleged by the petitioner was self-created, for zoning purposes, as the petitioner acquired the property subject to the restriction (*see Matter of Steiert Enters., Inc. v City of Glen Cove,*, 90 AD3d 764 [2011]; *Matter of Eung Lim-Kim v Zoning Bd. of Appeals of Vil. of Irvington*, 185 AD2d 346, 347 [1992]). Moreover, it was not arbitrary and capricious for the ZBA to have concluded that there was a feasible alternative to the variance, as the petitioner could easily reduce the size of the accessory apartment (*see Matter of Steiert Enters., Inc. v City of Glen Cove*, 90 AD3d at 767; *Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d 949 [2010]; *Matter of Ram v Town of Islip*, 21 AD3d 493 [2005]).

The petitioner's contention that the ZBA failed to satisfactorily address all five statutory factors is without merit, as no single statutory factor is determinative, but merely one consideration in a broader balancing test (*see Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake*, 38 AD3d 545, 547 [2007]). Moreover, the ZBA is "entitled to consider the effect its decision would have as precedent" (*Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead*, 65 AD3d 1144, 1147 [2009] [internal quotation

marks omitted]; *see Matter of Kearney v Village of Cold Spring Zoning Bd. of Appeals*, 83 AD3d 711 [2011]).

The petitioner's remaining arguments are without merit.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Eng, P.J., Austin, Cohen and Barros, JJ., concur.