■ In the Matter of Affordable Homes of Long Island, LLC, Appellant, v Edwin Monteverde et al., Respondents. [10 NYS3d 283]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Incorporated Village of Hempstead dated May 13, 2014, which, after a hearing, denied the petitioner's application for area variances, the petitioner appeals from a judgment of the Supreme Court, Nassau County (McCormack, J.), entered September 23, 2014, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner is the owner of an unimproved parcel of real property abutting Broadfield Road in the Incorporated Village of Hempstead. The petitioner applied for a building permit to construct a two-story single-family dwelling on the property. Its application was denied on the ground that the property did not have a required minimum frontage of 50 feet or minimum lot area of 5,000 square feet.

Thereafter, the petitioner applied to the Board of Zoning Appeals of the Incorporated Village of Hempstead (hereinafter the BZA) for area variances which would allow it to improve the property with a dwelling. The BZA denied the petitioner's application, and the petitioner commenced this proceeding pursuant to CPLR article 78 to review the BZA's determination. The Supreme Court denied the petition and, in effect, dismissed the proceeding.

"The determination of a local zoning board is entitled to great deference, and will be set aside only if it is illegal, arbitrary and capricious, or irrational" (*Matter of Birch Tree Partners, LLC v Nature Conservancy*, 122 AD3d 841, 842 [2014]; *see* CPLR 7803 [3]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]). "Local zoning boards have broad discretion in considering applications for area variances" (*Matter of Margaritis v Zoning Bd. of Appeals of Inc. Vil. of Flower Hill*, 32 AD3d 855, 856 [2006]; *see Matter of Jacoby Real Prop., LLC v Malcarne*, 96 AD3d 747, 749 [2012]; *Matter of Hurley v Zoning Bd. of Appeals of Vil. of Amityville*, 69 AD3d 940, 941 [2010]).

"When determining whether to grant an application for an area variance, a Village zoning board of appeals, pursuant to Village Law § 7-712-b (3), must engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted" (*Matter of Allstate Props., LLC v Board of Zoning Appeals of Vil. of Hempstead*, 49 AD3d 636, 636-637 [2008]; *see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 612; *Matter of Rivero v Voelker*, 38 AD3d 784, 785 [2007]). A Village board of zoning appeals must also consider "whether (1) an undesirable change will be produced in the character of the neighborhood, or a detriment to nearby properties will be created by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some other method, other than an area variance, feasible for the applicant to pursue, (3) the required area variance is substantial, (4) the proposed variance will have an

adverse effect or impact on the physical or environmental conditions in the neighborhood or district, and (5) the alleged difficulty was self created" (*Matter of Rivero v Ferraro*, 23 AD3d 479, 480 [2005]; *see* Village Law § 7-712-b [3]; *Matter of Allstate Props., LLC v Board of Zoning Appeals of Vil. of Hempstead*, 49 AD3d at 637).

Here, the BZA engaged in the required balancing test and considered the relevant statutory factors. In its written determination, the BZA concluded that the petitioner's need for variances was self-created, the requested 20% variance from the required minimum lot area was substantial, and the proposed variances would create a negative impact on the physical and environmental conditions of the neighborhood, which had existed in its present form for over 50 years. Moreover, the fact that variances had been granted to enable the development of two other substandard lots in the area did not entitle the petitioner to the area variances it sought (*see Matter of Spandorf v Board of Appeals of Vil. of E. Hills*, 167 AD2d 546, 547 [1990]). As a result, the BZA's determination to deny the petitioner's application for area variances was rational and not arbitrary and capricious (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 615; *Matter of Cowan v Kern*, 41 NY2d 591, 595 [1977]; *Matter of Allstate Props., LLC v Board of Zoning Appeals of Vil. of Hempstead*, 49 AD3d at 637; *Matter of Josato, Inc. v Wright*, 35 AD3d 470, 471 [2006]).

The petitioner's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding. Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.