■ In the Matter of FRANK NATARO, Appellant, v PAUL M. DeCHANCE et al., Respondents. [53 NYS3d 156]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Brookhaven dated February 19, 2014, which, after a hearing, denied the petitioner's application for area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Tarantino, Jr., J.), dated March 19, 2015, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal,

arbitrary, or an abuse of discretion (*see Matter of Borrok v Town of Southampton*, 130 AD3d 1024, 1024 [2015]; *Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold*, 98 AD3d 508, 509 [2012]; *Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d 949, 949 [2010]). Thus, a zoning board's determination should be sustained on judicial review if it has a rational basis and is supported by evidence in the record (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]).

In determining whether to grant an application for an area variance, a zoning board is required to engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see* Town Law § 267-b [3] [b]).

Here, the Board of Zoning Appeals of the Town of Brookhaven (hereinafter the BZA) performed the requisite balancing test, and its conclusion that the detriment to the surrounding neighborhood posed by granting the requested variances outweighed the benefit to the petitioner had a rational basis and was supported by the record (*see Matter of Fortunato v Town of Hempstead Bd. of Appeals*, 134 AD3d 825, 825 [2015]; *Matter of Sacher v Village of Old Brookville*, 124 AD3d 902, 904 [2015]). The BZA rationally concluded that the requested variances were substantial in nature, that the petitioner had feasible alternatives that did not require such variances, and that the granting of the variances could set a negative precedent within the neighborhood (*see Matter of Affordable Homes of Long Is., LLC v Monteverde*, 128 AD3d 1060, 1062 [2015]; *Matter of Kearney v Village of Cold Spring Zoning Bd. of Appeals*, 83 AD3d 711, 714 [2011]; *Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead*, 65 AD3d 1144, 1147 [2009]).

The petitioner's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding (*see Matter of John Hatgis, LLC v DeChance*, 126 AD3d 702, 703 [2015]). Chambers, J.P., Hall, Maltese and Brathwaite Nelson, JJ., concur.