Matter of Zapson v Zoning Bd. of Appeals of the City of Long Beach (2021 NY Slip Op 02398)





Matter of Zapson v Zoning Bd. of Appeals of the City of Long Beach


2021 NY Slip Op 02398


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-00646
 (Index No. 3145/17)

[*1]In the Matter of Jacqueline Zapson, appellant,
v
Zoning Board of Appeals of the City of Long Beach, respondent.


Jeffrey Toback, Long Beach, NY, for appellant.
Robert M. Agostisi, Corporation Counsel, Long Beach, NY (Gregory Kalnitsky and Richard Berrios of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Long Beach dated June 26, 2017, which, after a hearing, denied the petitioner's application for area variances, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Thomas Feinman, J.), entered November 22, 2017. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In August 2016, the petitioner applied to the respondent, Zoning Board of Appeals of the City of Long Beach (hereinafter the ZBA), for area variances which would permit her to build a multiple family dwelling on a substandard lot located in Long Beach. After a public hearing, the ZBA issued a resolution denying the petitioner's application.
In July 2017, the petitioner commenced this CPLR article 78 proceeding to review the ZBA's determination. Subsequently, on September 28, 2017, the ZBA issued findings of fact setting forth the basis for its denial of the petitioner's application. By judgment entered November 22, 2017, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold, 98 AD3d 508, 509 [internal quotation marks omitted]). In this context, "courts consider substantial evidence only to determine whether the record contains sufficient evidence to support the rationality of the Board's determination" (Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven, 77 AD3d 949, 949 [internal quotation marks omitted]). "[A] zoning board's determination should be sustained if it is not illegal, has a rational basis, and is not arbitrary and capricious" (Matter of Blandeburgo v Zoning Bd. of Appeals of Town of Islip, 110 AD3d 876, 877). "A determination is rational if it has some objective factual basis, as opposed to resting entirely on subjective considerations such as general community opposition" (Matter of Caspian Realty, Inc. [*2]v Zoning Bd. of Appeals of Town of Greenburgh, 68 AD3d 62, 67 [internal quotation marks omitted]).
In determining whether to grant an application for an area variance, a zoning board must engage in a balancing test weighing "the benefit to the applicant if the variance is granted . . . against the detriment to the health, safety and welfare of the neighborhood or community by such grant" (General City Law § 81-b[4][b]; see Matter of Colin Realty Co., LLC v Town of N. Hempstead, 24 NY3d 96, 103). The zoning board must also consider: "(i) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (ii) whether the benefit sought by the applicant can be achieved by some method feasible for the applicant to pursue, other than an area variance; (iii) whether the requested area variance is substantial; (iv) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (v) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (General City Law § 81-b[4][b]; see Matter of Goodman v City of Long Beach, 128 AD3d 1064, 1065).
Here, the record demonstrates that the ZBA engaged in the required balancing test and considered the relevant statutory factors (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 614; Matter of Goodman v City of Long Beach, 128 AD3d at 1065). Contrary to the petitioner's contention, the denial of her application had a rational basis in the record. The proposed variances were substantial, and the evidence before the ZBA supported its findings that the proposed construction would produce an undesirable change in the character of the neighborhood, have an adverse impact on the physical or environmental conditions, or otherwise result in a detriment to the health, safety, and welfare of the neighborhood or community (see Matter of Harris v Zoning Bd. of Appeals of Town of Carmel, 137 AD3d 1130, 1131).
Moreover, the petitioner's contention that the ZBA's determination was arbitrary and capricious because the ZBA had previously granted similar applications is without merit. To the extent that the allegedly similar applications identified by the petitioner actually involved similar facts, the ZBA provided a rational explanation for reaching a different result here (see Matter of Fortunato v Town of Hempstead Bd. of Appeals, 134 AD3d 825, 826).
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court