Matter of Morris Motel, LLC v DeChance (2021 NY Slip Op 05969)





Matter of Morris Motel, LLC v DeChance


2021 NY Slip Op 05969


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2018-05772
 (Index No. 4664/17)

[*1]In the Matter of Morris Motel, LLC, petitioner,
v
Paul M. DeChance, etc., et al., respondents.


Frederick P. Stern, P.C., Nesconset, NY, for appellant.
Annette Eaderesto, Town Attorney (Deirdre Cicciaro of counsel), Brookhaven, NY, for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Brookhaven dated July 31, 2017. The determination, after a hearing, denied the petitioner's application for certain area variances.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The Supreme Court should have disposed of this proceeding on the merits instead of transferring it to this Court pursuant to CPLR 7804(g) (see id. § 7803[4]; Matter of Towers v Weiss, 131 AD3d 621, 621-622; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 769-770). Nevertheless, in the interest of judicial economy, we will determine the issues raised on the merits (see Matter of Towers v Weiss, 131 AD3d at 622; Matter of M & V 99 Franklin Realty Corp. v Weiss, 124 AD3d 783, 784).
When a zoning board of appeals makes a determination of whether to grant an area variance to an applicant, the zoning board is required to engage in a balancing test, weighing the benefit of the grant to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 612; Matter of Ifrah v Utschig, 98 NY2d 304, 307; Matter of Sasso v Osgood, 86 NY2d 374, 384). Pursuant to Town Law § 267-b(3)(b), the zoning board must consider the following factors when making its determination: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created" (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 612-613).
"Local zoning boards have broad discretion in considering applications for variances" [*2](Matter of Ifrah v Utschig, 98 NY2d at 308). Accordingly, "[c]ourts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 613; see Matter of Muller v Zoning Bd. of Appeals Town of Lewisboro, 192 AD3d 805, 807-808).
Here, the determination denying the requested area variances was not arbitrary, irrational, or an abuse of discretion. The Zoning Board of Appeals of the Town of Brookhaven (hereinafter the Board) engaged in the required balancing test and considered the relevant statutory factors (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 614). The record supports the Board's findings that the requested variances were substantial in nature and that the hardship was self-created (see Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh, 68 AD3d 62, 77; Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals, 43 AD3d 926, 930-931; Matter of Becvar v Scheyer, 250 AD2d 842, 843). Moreover, since the Board determined that no similar variances had been granted, it was permitted to consider the possibility that granting these variances could set a negative precedent within the area (see Matter of Nataro v DeChance, 149 AD3d 1081, 1082; Matter of Qing Dong v Mammina, 84 AD3d 820, 821).
Accordingly, the petitioner's variance applications were properly denied.
LASALLE, P.J., AUSTIN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court