Matter of Grosso v DeChance (2022 NY Slip Op 03387)





Matter of Grosso v DeChance


2022 NY Slip Op 03387


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
WILLIAM G. FORD, JJ.


2019-08348
 (Index No. 6028/18)

[*1]In the Matter of Jennie Grosso, appellant,
v
Paul DeChance, etc., et al., respondents.


Scheyer & Stern, LLC, Nesconset, NY (Patricia A. Stern of counsel), for appellant.
Annette Eaderesto, Town Attorney, Farmingville, NY (Deirdre Cicciaro of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Brookhaven dated October 9, 2018, which, after a hearing, denied the petitioner's application for area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated May 21, 2019. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner's family is the owner of an unimproved 7,378 square foot lot located in the town of Brookhaven (hereinafter the subject parcel). The subject parcel has been owned by the petitioner's family since 1954. In 1988 and 1989, the Town rezoned the area where the subject parcel was located, increasing the lot area requirement for a residential dwelling to a minimum lot size of 40,000 square feet.
In 2018, the petitioner requested a building permit for the subject parcel, which was denied. Thereafter, the petitioner applied to the Board of Zoning Appeals of the Town of Brookhaven (hereinafter the Zoning Board) for area variances which would allow her to improve the subject parcel with a dwelling. After a hearing, the Zoning Board denied the petitioner's application, and the petitioner commenced this proceeding pursuant to CPLR article 78 to review the Zoning Board's determination. By judgment dated May 21, 2019, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
"'Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion'" (Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold, 98 AD3d 508, 509, quoting Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven, 77 AD3d 949, 949). "'The determination of a local zoning board is entitled to great deference, and will be set aside only if it is illegal, arbitrary and capricious, or irrational'" (Matter of Affordable Homes of Long Is., LLC v Monteverde, 128 AD3d 1060, 1061, quoting Matter of Birch Tree Partners, LLC v Nature Conservancy, 122 AD3d 841, 842).
"In deciding whether to grant an application for an area variance, the Board 'is required to engage in a balancing test that weighs the benefit to the applicant if the variance is granted against the detriment to the health, safety, and welfare of the neighborhood or community'" (Matter of Blandeburgo v Zoning Bd. of Appeals of Town of Islip, 110 AD3d 876, 877, quoting Matter of Colin Realty Co., LLC v Town of N. Hempstead, 107 AD3d 708, 710, affd 24 NY3d 96). "The Board must consider whether (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will result by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some feasible method other than an area variance, (3) the requested area variance is substantial, (4) the proposed variance will adversely impact the physical or environmental conditions in the neighborhood if it is granted, and (5) the alleged difficulty was self-created" (Matter of Blandeburgo v Zoning Bd. of Appeals of Town of Islip, 110 AD3d at 877-878; see Town Law § 267-b[3][b]). "The zoning board, in applying the balancing test, is not required to justify its determination with supporting evidence for each of the five statutory factors, as long as its determination balancing the relevant considerations is rational" (Matter of Traendly v Zoning Bd. of Appeals of Town of Southold, 127 AD3d 1218, 1218-1219).
Here, the Zoning Board properly applied the required balancing test and considered the relevant statutory factors. The evidence before the Zoning Board supported its conclusions that granting the requested variances would produce an undesirable change in the character of the neighborhood or a detriment to nearby properties, the variances were substantial, and the proposed variances would adversely impact the physical or environmental conditions in the neighborhood (see Town Law § 267-b[3][b]). Moreover, the Zoning Board was bound by precedent set by a matter involving the denial of area variances for an identical sized lot within 500 feet of the subject property (see Matter of Campo Grandchildren Trust v Colson, 39 AD3d 746, 749). Contrary to the petitioner's contention, the Zoning Board's granting of two prior applications for area variances did not constitute a precedent from which the Zoning Board was required to explain a departure, as the petitioner failed to establish that the prior applications bore sufficient factual similarity to the subject application (see Matter of Traendly v Zoning Bd. of Appeals of Town of Southold, 127 AD3d at 1219). As a result, the Zoning Board's determination to deny the petitioner's application for area variances was rational and not arbitrary and capricious (see Matter of Affordable Homes of Long Is., LLC v Monteverde, 128 AD3d 1060; Matter of Traendly v Zoning Bd. of Appeals of Town of Southold, 127 AD3d 1218; Matter of Chynn v DeChance, 110 AD3d 993).
The petitioner's contention that the Zoning Board relied on erroneous information when making its determination is not properly before this Court, as an argument may not be raised for the first time before the courts in a CPLR article 78 proceeding (see Matter of Peckham v Calogero, 12 NY3d 424). 
Accordingly, we affirm the judgment.
IANNACCI, J.P., CHAMBERS, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court