Matter of Dutt v Bowers (2022 NY Slip Op 04546)

Matter of Dutt v Bowers

2022 NY Slip Op 04546

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2019-13778
 (Index No. 55/18)

[*1]In the Matter of Faisal Dutt, respondent,
v
James H. Bowers, etc., et al., appellants.

John R. DiCioccio, Town Attorney, Islip, NY (William J. Graham of counsel), for appellants.
Scheyer & Stern, LLC, Nesconset, NY (Patricia A. Stern of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Zoning Board of Appeals of the Town of Islip dated December 5, 2017, as, after a hearing, denied the petitioner's application for an area variance for an in-ground pool, the appeal is from a judgment of the Supreme Court, Suffolk County (William B. Rebolini, J.), entered September 27, 2019. The judgment, upon an order of the same court dated October 17, 2018, granted the petition, annulled so much of the determination as denied the petitioner's application for an area variance for an in-ground pool, and directed the Zoning Board of Appeals of the Town of Islip to issue the requested area variance. The notice of appeal from the order is deemed to be a notice of appeal from the judgment (see CPLR 5512[a]).
ORDERED that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.
The petitioner hired a contractor to build an in-ground pool on his property in the Town of Islip. Under Code of the Town of Islip § 68-386(D)(2), a pool in the petitioner's residential zone must be located a minimum of 14 feet from the property line (hereinafter the required setback). However, due to the contractor's error, the pool failed to comply with the required setback because it was built 6 feet from the property line. The petitioner sought, inter alia, an area variance to permit the pool to remain in its current location. After a public hearing, the Zoning Board of Appeals for the Town of Islip (hereinafter the ZBA), among other things, denied the petitioner's application for an area variance with respect to the location of the pool. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to annul so much of the ZBA's determination as denied his application for an area variance for the pool. The Supreme Court granted the petition, annulled that portion of the ZBA's determination, and directed the ZBA to issue the requested area variance.
"When a zoning board of appeals makes a determination of whether to grant an area variance to an applicant, the zoning board is required to engage in a balancing test, weighing the benefit of the grant to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted" (Matter of Morris Motel, LLC v DeChance, 199 AD3d 687, 688; see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 612). Pursuant to Town Law § 267-b(3)(b), a zoning board must consider the following factors [*2]when making its determination: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created" (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 612-613).
Here, the Supreme Court improperly annulled so much of the ZBA's determination as denied the petitioner's application for an area variance for the pool. "Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (Matter of Ifrah v Utschig, 98 NY2d 304, 308; see Matter of Zapson v Zoning Bd. of Appeals of the City of Long Beach, 193 AD3d 948, 948-949). In applying the balancing test set forth in Town Law § 267-b(3)(b), the ZBA is "'not required to justify its determination with supporting evidence with respect to each of the five factors, so long as its ultimate determination balancing the relevant considerations was rational'" (Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead, 65 AD3d 1144, 1147, quoting Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals, 43 AD3d 926, 929).
The record indicates that the ZBA considered the five factors set forth in Town Law § 267-b(3) and conducted the relevant balancing test to reach its determination. The ZBA found that the requested variance would produce an undesirable change in the character of the neighborhood because there was no evidence of any similarly located in-ground pools. The ZBA explained that approving a pool with such a small setback where there are no similar structures in the neighborhood would establish an unwarranted precedent for future development of the area, which could result in a detriment to nearby properties. The ZBA properly considered the possibility that granting the requested variance could set a negative precedent in the area (see Matter of Morris Motel, LLC v DeChance, 199 AD3d at 689; Matter of Nataro v DeChance, 149 AD3d 1081, 1082). Based on the property survey, the ZBA determined that the petitioner could have placed the pool in a conforming location. Moreover, the petitioner presented no evidence that the property could not be utilized without violating the zoning code. The ZBA determined that the requested variance was substantial because it asked for a 57% relaxation of the zoning code. Taking into account the rationale for the required setback, which was to protect the privacy and quiet enjoyment of adjacent residential properties, as well as the fact that the location of the pool was inconsistent with the nature and character of the surrounding area, and that the approval of the requested variance would establish an unwarranted precedent for future development of the area, the ZBA determined that granting the requested variance would have an adverse effect on the physical or environmental conditions in the neighborhood. Finally, the ZBA's finding that the petitioner's zoning violation, which was the result of the contractor's error, was self-created is well founded (see Matter of Carlucci v Board of Zoning Appeals of Town of Philipstown, 205 AD2d 688, 689; Matter of J.T.T. Contrs. v Ward, 148 AD2d 537; Matter of Midgett v Schermerhorn, 24 AD2d 572). Therefore, the ZBA's determination was rational (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 614; Matter of Zapson v Zoning Bd. of Appeals of the City of Long Beach, 193 AD3d at 949).
The petitioner's remaining contentions are without merit.
Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 614).
DUFFY, J.P., MALTESE, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court