Matter of Massian v Board of Zoning Appeals of the Town of Brookhaven (2022 NY Slip Op 06703)

Matter of Massian v Board of Zoning Appeals of the Town of Brookhaven

2022 NY Slip Op 06703

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-03985
 (Index No. 617730/19)

[*1]In the Matter of William Massian, et al., appellants,
v
Board of Zoning Appeals of the Town of Brookhaven, respondent.

Sahn Ward Coshignano PLLC, Uniondale, NY (Christian Browne of counsel), for appellants.
Annette Eaderesto, Town Attorney, Farmingville, NY (John W. Doyle of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Brookhaven, dated November 20, 2019, which, after a hearing, denied the petitioners' application for certain variances, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered May 18, 2020. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In August 2019, the petitioners applied to the respondent, Board of Zoning Appeals of the Town of Brookhaven (hereinafter the BZA), for certain variances that would permit them to build a single-family dwelling on a substandard lot in the Town of Brookhaven. After a public hearing, the BZA denied the petitioners' application. The petitioners thereafter commenced this proceeding pursuant to CPLR article 78 to review the BZA's determination. The Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioners appeal.
"Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion" (Matter of Ifrah v Utschig, 98 NY2d 304, 308; see Matter of Zapson v Zoning Bd. of Appeals of the City of Long Beach, 193 AD3d 948, 948). "'The determination of a local zoning board is entitled to great deference, and will be set aside only if it is illegal, arbitrary and capricious, or irrational'" (Matter of Grosso v DeChance, 205 AD3d 1026, 1027, quoting Matter of Affordable Homes of Long Is., LLC v Monteverde, 128 AD3d 1060, 1061 [internal quotation marks omitted]). "Thus, a zoning board's determination should be sustained on judicial review if it has a rational basis and is supported by evidence in the record" (Matter of Nataro v DeChance, 149 AD3d 1081, 1082).
"When a zoning board of appeals makes a determination of whether to grant an area variance to an applicant, the zoning board is required to engage in a balancing test, weighing the benefit of the grant to the applicant against the detriment to the health, safety, and welfare of the [*2]neighborhood or community if the variance is granted" (Matter of Morris Motel, LLC v DeChance, 199 AD3d 687, 688; see Matter of Sasso v Osgood, 86 NY2d 374, 384). "'The Board must consider whether (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will result by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some feasible method other than an area variance, (3) the requested area variance is substantial, (4) the proposed variance will adversely impact the physical or environmental conditions in the neighborhood if it is granted, and (5) the alleged difficulty was self-created'" (Matter of Grosso v DeChance, 205 AD3d at 1027-1028, quoting Matter of Blandeburgo v Zoning Bd. of Appeals of Town of Islip, 110 AD3d 876, 877-878; see Town Law § 267-b[3][b]). In applying the balancing test, the zoning board is "'not required to justify its determination with supporting evidence with respect to each of the five factors, so long as its ultimate determination balancing the relevant considerations was rational'" (Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead, 65 AD3d 1144, 1147, quoting Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals, 43 AD3d 926, 929).
Here, the BZA engaged in the required balancing test, and its conclusion that the detriment to the surrounding neighborhood posed by granting the requested variances outweighed the benefit to the petitioners had a rational basis and was supported by the record (see Matter of Nataro v DeChance, 149 AD3d at 1082). The BZA rationally concluded, inter alia, that the requested variances were substantial in nature, that granting the variances would produce an undesirable change in the character of the neighborhood, that the variances would have an adverse impact on the physical and environmental conditions of the neighborhood, that granting the variances could set a negative precedent in the neighborhood, and that the petitioners' hardship was self-created (see Matter of Zapson v Zoning Bd. of Appeals of City of Long Beach, 193 AD3d at 948; Matter of Nataro v DeChance, 149 AD3d at 1082; Matter of Qing Dong v Mammina, 84 AD3d 820, 821; Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead, 65 AD3d at 1147; Matter of Picarelli v Karl, 51 AD3d 1028, 1029).
The petitioners' contention that the BZA was biased against them and acted out of personal animus is improperly raised for the first time on appeal (see Matter of Piller v Schwimmer, 135 AD3d 766, 769).
Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding.
DUFFY, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court