Matter of Foster v DeChance (2022 NY Slip Op 06801)

Matter of Foster v DeChance

2022 NY Slip Op 06801

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-03119
 (Index No. 834/18)

[*1]In the Matter of Frederic C. Foster, appellant, 
v
Paul M. DeChance, etc., et al., respondents.

Law Offices of Frederic C. Foster, P.C., Westhampton, NY (Erik C. Howard of counsel), for appellant.
Annette Eaderesto, Town Attorney, Farmingville, NY (John W. Doyle of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Brookhaven dated January 10, 2018, which, after a hearing, denied the petitioner's application for certain area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated January 6, 2020. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner is the owner of an unimproved 9,481-square-foot lot located in the Town of Brookhaven (hereinafter the subject parcel). The subject parcel and an adjoining developed parcel have been owned by members of the petitioner's family since the 1950s. In 1964, the Town imposed zoning requirements, and in the 1980s, the Town rezoned the area where the subject parcel is located. The current lot area requirement for a residential dwelling is a minimum lot size of 40,000 square feet.
In 2017, the petitioner requested a building permit for the subject parcel, which was denied. Thereafter, the petitioner applied to the Board of Zoning Appeals of the Town of Brookhaven (hereinafter the Board) for area, frontage, and front yard, side yard, and rear yard setback variances which would allow him to improve the subject parcel with a dwelling. After a hearing, the Board denied the petitioner's application, and the petitioner commenced this proceeding pursuant to CPLR article 78 to review the Board's determination. By judgment dated January 6, 2020, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"'Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion'" (Matter of Zapson v Zoning Bd. of Appeals of City of Long Beach, 193 AD3d 948, 948, quoting Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold, 98 AD3d 508, 509 [internal quotation marks omitted]). "The determination of a local zoning board is entitled to great deference, and will be set aside only if it is illegal, arbitrary and capricious, or irrational" (Matter of Grosso v DeChance, 205 AD3d 1026, 1027 [internal quotation [*2]marks omitted]; see Matter of Bennett v Zoning Bd. of Appeals of Vil. of Sagaponack, 170 AD3d 716, 717).
In determining whether to grant an area variance to an applicant, a zoning board "is required to engage in a balancing test, weighing the benefit of the grant to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted" (Matter of Morris Motel, LLC v DeChance, 199 AD3d 687, 688; see Town Law § 267-b(3)(b); Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 612; Matter of Ifrah v Utschig, 98 NY2d 304, 307). Pursuant to Town Law § 267-b(3)(b), in making that determination, a zoning board "must consider whether (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will result by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some feasible method other than an area variance, (3) the requested area variance is substantial, (4) the proposed variance will adversely impact the physical or environmental conditions in the neighborhood if it is granted, and (5) the alleged difficulty was self-created" (Matter of Grosso v DeChance, 205 AD3d at 1027-1028; see Matter of Sasso v Osgood, 86 NY2d 374, 384). "The zoning board, in applying the balancing test, is not required to justify its determination with supporting evidence for each of the five statutory factors as long as its determination balancing the relevant considerations is rational" (Matter of Humphreys v Somers Zoning Bd. of Appeals, 206 AD3d 1000, 1002 [internal quotation marks omitted]; Matter of Muller v Zoning Bd. of Appeals Town of Lewisboro, 192 AD3d 805, 807-808).
Here, the record demonstrates that the Board engaged in the required balancing test and considered the relevant statutory factors. It is undisputed that the variances sought were substantial in nature. Contrary to the petitioner's contention, the evidence before the Board also supported its conclusions that the petitioner's proposal to develop the subject parcel did not conform to the established pattern of development and that granting the requested variances would produce an undesirable change in the character of the neighborhood or a detriment to nearby properties (see Matter of Grosso v DeChance, 205 AD3d at 1028; Matter of Zapson v Zoning Bd. of Appeals of City of Long Beach, 193 AD3d at 949; Matter of Harn Food, LLC v DeChance, 159 AD3d 819, 821). Moreover, since the Board determined that no similar variances had been granted, it was permitted to consider the possibility that granting these variances could set a negative precedent within the area (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 615; Matter of Dutt v Bowers, 207 AD3d 540, 542). Therefore, the Board's determination to deny the petitioner's application for area variances was rational and not arbitrary and capricious (see Matter of Dutt v Bowers, 207 AD3d at 542; Matter of Grosso v DeChance, 205 AD3d at 1028).
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
CONNOLLY, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court