Matter of Seaview Assn. of Fire Is., NY, Inc. v Town of Islip Zoning Bd. of Appeals (2023 NY Slip Op 05610)

Matter of Seaview Assn. of Fire Is., NY, Inc. v Town of Islip Zoning Bd. of Appeals

2023 NY Slip Op 05610

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2021-03872
 (Index No. 2887/18)

[*1]In the Matter of Seaview Association of Fire Island, NY, Inc., appellant, 
v
Town of Islip Zoning Board of Appeals, respondent.

Smith, Finkelstein, Lundberg, Isler & Yakaboski, LLP, Riverhead, NY (Daniel P. Barker and Alexsis J. Gordon of counsel), for appellant.
Michael Walsh, Town Attorney, Islip, NY (Hope B. DeLauter of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Islip dated April 26, 2018, which, after a hearing, denied the petitioner's application for area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (H. Patrick Leis III, J.), dated November 19, 2020. The judgment, in effect, denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner erected wood decking and fencing on its property in Seaview on Fire Island that was in contravention of the Town Code of the Town of Islip and the petitioner's wetland permit. After its request for a building permit was denied, the petitioner applied to the Zoning Board of Appeals of the Town of Islip (hereinafter the ZBA) for area variances to bring the structures in compliance. After a hearing, in a determination dated April 26, 2018, the ZBA denied the petitioner's application. The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination. In a judgment dated November 19, 2020, the Supreme Court, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
"'Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion'" (Matter of Zapson v Zoning Bd. of Appeals of the City of Long Beach, 193 AD3d 948, 948, quoting Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold, 98 AD3d 508, 509). "The determination of a local zoning board is entitled to great deference, and will be set aside only if it is illegal, arbitrary and capricious, or irrational" (Matter of Grosso v DeChance, 205 AD3d 1026, 1027 [internal quotation marks omitted]; see Matter of Bennett v Zoning Bd. of Appeals of the Vil. of Sagaponack, 170 AD3d 716, 717).
In determining whether to grant an area variance to an applicant, a zoning board "is required to engage in a balancing test, weighing the benefit of the grant to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is [*2]granted" (Matter of Morris Motel, LLC v DeChance, 199 AD3d 687, 688; see Town Law § 267-b[3][b]; Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 612). Pursuant to Town Law § 267-b(3)(b), in making that determination, a zoning board "must consider whether (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will result by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some feasible method other than an area variance, (3) the requested area variance is substantial, (4) the proposed variance will adversely impact the physical or environmental conditions in the neighborhood if it is granted, and (5) the alleged difficulty was self-created" (Matter of Grosso v DeChance, 205 AD3d at 1027-1028 [internal quotation marks omitted]; see Matter of Sasso v Osgood, 86 NY2d 374, 384). "The zoning board, in applying the balancing test, is not required to justify its determination with supporting evidence for each of the five statutory factors as long as its determination balancing the relevant considerations is rational" (Matter of Humphreys v Somers Zoning Bd. of Appeals, 206 AD3d 1000, 1002 [internal quotation marks omitted]).
Here, the record demonstrates that the ZBA engaged in the required balancing test and considered the relevant statutory factors. It is undisputed that the variances sought were substantial in nature and self-created. Contrary to the petitioner's contention, the evidence before the ZBA supported its conclusions that it was feasible for the petitioner to comply with the Town Code, that the petitioner's proposal did not conform to the character of the area, and that granting the requested variances would produce an undesirable change in the character of the neighborhood or a detriment to nearby properties (see Matter of Grosso v DeChance, 205 AD3d at 1028). Moreover, since the ZBA determined that no similar variances had been granted, it was permitted to consider the possibility that granting these variances could set a negative precedent within the area (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 615; Matter of Dutt v Bowers, 207 AD3d 540, 542). Therefore, the ZBA's determination to deny the petitioner's application for area variances was rational and not arbitrary and capricious.
As judicial review of an administrative determination is limited to the record before the ZBA, the Supreme Court properly did not consider affidavits the petitioner submitted with its petition because the information in the affidavits was outside the administrative record (see Matter of Levine v New York State Liq. Auth., 23 NY2d 863, 864; Matter of Kam Hampton I Realty Corp. v Board of Zoning Appeals of Vil. of E. Hampton, 273 AD2d 387, 388; Matter of Dearborn Assoc. v Envtl. Control Bd., 144 AD2d 556, 557).
Accordingly, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., FORD, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court