Matter of Kami Holding Corp. v Zoning Bd. of Appeals of the Vil. of Westbury (2024 NY Slip Op 00309)

Matter of Kami Holding Corp. v Zoning Bd. of Appeals of the Vil. of Westbury

2024 NY Slip Op 00309

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-02803
 (Index No. 613088/20)

[*1]In the Matter of Kami Holding Corp., appellant,
v
Zoning Board of Appeals of the Village of Westbury, respondent.

McLaughlin & Stern, LLP, Garden City, NY (Christian Browne of counsel), for appellant.
Walsh Markus McDougal & DeBellis, LLP, Garden City, NY (Matthew G. White of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Westbury dated October 19, 2020, which, after a hearing, denied the petitioner's application for area variances, the petitioner appeals from a judgment of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered April 14, 2021. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner is the owner of an unimproved 5,051-square-foot lot located in the Village of Westbury (hereinafter the subject parcel), situated in a "Residence B" zoning district. The subject parcel is approximately 40 feet wide, with 40 feet of frontage on one street and 45.65 feet of frontage on another street. Pursuant to the Code of the Village of Westbury, there is a required minimum lot size of 6,000 square feet for lots located in a Residence B zoning district (see Code of Village of Westbury § 248-21). Additionally, the minimum lot width and frontage required for a lot containing a building in a Residence B zoning district is 60 feet (see id. § 248-32).
In August 2019, the petitioner applied for a building permit to construct a two-story residence on the subject parcel. The Village of Westbury Department of Buildings denied that application. Thereafter, the petitioner applied to the Zoning Board of Appeals of the Village of Westbury (hereinafter the ZBA) for area variances from the size, width, frontage, and front yard paved area requirements of the Residence B zoning district in order to improve the subject parcel with a single-family dwelling.
After a hearing, the ZBA denied the petitioner's application, and the petitioner commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination. By judgment entered April 14, 2021, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"'Local zoning boards have broad discretion in considering applications for variances, [*2]and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion'" (Matter of Zapson v Zoning Bd. of Appeals of the City of Long Beach, 193 AD3d 948, 948, quoting Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold, 98 AD3d 508, 509). "The determination of a local zoning board is entitled to great deference, and will be set aside only if it is illegal, arbitrary and capricious, or irrational" (Matter of Grosso v DeChance, 205 AD3d 1026, 1027 [internal quotation marks omitted]; see Matter of Bennett v Zoning Bd. of Appeals of the Vil. of Sagaponack, 170 AD3d 716, 717).
The petitioner contends that the ZBA erred in treating the petitioner's application as seeking area variances, rather than as an application seeking a special use permit or special exception permit. Section 248-326 of the Code of the Village of Westbury provides, as relevant, that the ZBA is empowered, "in appropriate cases, after public notice and hearing [to]: A. Vary the application of the regulations herein established and establish appropriate requirements for irregular lots or lots less than the required area in any district existing at the effective date" of the zoning code. Contrary to the petitioner's assertion, this provision does not authorize the ZBA to issue a special use permit or special exception permit. Rather, the provision expressly authorizes the ZBA to "[v]ary" the zoning regulations with respect to lots that did not conform to the zoning code at the time of its enactment (id. § 248-326[A]). Thus, the plain language of section 248-326(A) of the Code of the Village of Westbury only authorizes the ZBA to determine certain variance applications (see generally Matter of Bartolacci v Village of Tarrytown Zoning Bd. of Appeals, 144 AD3d 903, 904). In addition, pursuant to section 248-260 of the Code of the Village of Westbury, the Village Board of Trustees is expressly authorized to hear and determine applications for special use permits. Therefore, contrary to the petitioner's contention, the ZBA did not err in treating the petitioner's application as seeking area variances, rather than as an application seeking a special use permit or special exception permit (see Matter of Mutual Aid Assn. of the Paid Fire Dept. of the City of Yonkers, N.Y., Inc. v City of Yonkers Zoning Bd. of Appeals, 199 AD3d 800, 803; Matter of Bartolacci v Village of Tarrytown Zoning Bd. of Appeals, 144 AD3d at 904).
Furthermore, the determination of the ZBA was not arbitrary and capricious. In determining whether to grant an area variance to an applicant, a zoning board "is required to engage in a balancing test, weighing the benefit of the grant to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted" (Matter of Morris Motel, LLC v DeChance, 199 AD3d 687, 688; see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 612). Pursuant to Village Law § 7-712-b(3)(b), in conducting that balancing test, a zoning board must consider whether (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will result by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some feasible method other than an area variance, (3) the requested area variance is substantial, (4) the proposed variance will adversely impact the physical or environmental conditions in the neighborhood if it is granted, and (5) the alleged difficulty was self-created (see Matter of Duke v Brosnan, 206 AD3d 652, 654).
The record here demonstrates that the ZBA engaged in the required balancing test and considered the relevant statutory factors. It is undisputed that the several area variances sought were substantial in nature. Contrary to the petitioner's contention, the evidence before the ZBA also supported the ZBA's conclusions that granting the requested area variances would produce an undesirable change in the character of the neighborhood or a detriment to nearby properties (see Matter of Foster v DeChance, 210 AD3d 1085, 1087; Matter of Zapson v Zoning Bd. of Appeals of the City of Long Beach, 193 AD3d at 949; Matter of Schweig v City of New Rochelle, 170 AD3d 863, 865-866). Moreover, the ZBA properly found that any hardship was self-created (see Matter of Kearney v Village of Cold Spring Zoning Bd. of Appeals, 83 AD3d 711, 714). Therefore, the ZBA's determination to deny the petitioner's application for area variances was rational and not arbitrary and capricious (see Matter of Foster v DeChance, 210 AD3d at 1087).
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
BRATHWAITE NELSON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court